### Richmond.

HARRISON & OTHERS v. WALLTON'S EX'OR & ANOTHER.

MARCH 31, 1898.

Absent, Riley and Cardwell, JJ.

| 95 | 721 |
| f97 | 363 |
| 95 | 721 |
| 99 | 45 |
| 95 | 721 |
| e108 | 133 |

1. SUITS BY INFANTS—*Saving Under Section 3424 of Code.*—An infant may assert his rights in a suit by his next friend whenever he sees fit to do so, although section 3424 of the Code allows him six months after becoming of age to show cause against a decree or order in certain cases.
2. RES JUDICATA—*Several Suits Touching Same Subject-Matter.*—Where the issues presented in a second suit were involved and determined in a prior suit, the judgment or decree in the first suit is a bar to the second suit between the same parties and their privies not only upon the same cause or demand, but also upon a different cause. The judgment or decree in the first suit is conclusive upon the parties until reversed on appeal, or until set aside or annulled by some proceeding instituted for that purpose.
3. SUIT TO IMPEACH JUDGMENT OR DECREE—*Rule Applicable to Infants.*— An infant can impeach a judgment or decree only upon the grounds which would invalidate it in case of another person, such as fraud, collusion or error. He is, as a rule, as much bound by a decree against him as an adult. The law recognizes no distinction between a decree against an infant and one against an adult.
4. PARTIES—*Persons Born After Suit—Representation.*—Where all parties are brought before the court that can be brought before it, and the court acts upon property according to the rights that appear, without fraud, its decision is final and conclusive not only on the parties before the court, but also on those who thereafter come into being. The latter are regarded as parties by *representation*, and are as effectually bound by decrees as if they had been in being and made parties in person.
5. PARTIES—*Suit to Set Aside Decree—Purchaser Under the Decree.*—In a suit brought to set aside a decree under which lands have been sold, or in which such relief could be granted, the persons whose rights would or might be affected by setting aside the decree are necessary parties.

VOL. XCV—91

6. PLEADING—*Defence on Merits by One Defendant—Non-Appearance of Other Defendants.*—In a suit against two defendants, where one of the defendants makes defence on grounds not personal to himself, but which go to the foundation of the complainant's right to recover upon the case stated, and upon the hearing the bill is dismissed, it should be dismissed as to both of the defendants, although one of them has not appeared, or made defence.

7. RES JUDICATA.—A decree establishing a debt, rendered by a court which has jurisdiction of the subject and of the parties, is a complete bar, so long as it remains in force, to any suit assailing the debt instituted by any party to the former suit.

Appeal from a decree of the Circuit Court of Brunswick county pronounced December 17, 1895, in a suit in chancery wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*E. P. Buford* and *Pollard & Sands*, for the appellants.

*George Mason*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought by the appellants, the children of Sallie E. Harrison, against their mother and Robert Turnbull in his own right, and as executor of M. R. Wallton, deceased, for the purpose, as stated by the appellants in their petition for appeal, of charging the executor with the *devastavit* of the estate of his testatrix occasioned by his misconduct in the case of *Harrison and wife against Wallton's Executors and others.*

The suit of Harrison and wife was instituted by the father and mother of the appellants against the appellee, Turnbull, as executor of Mrs. Wallton, and three of the appellants, all that were then in being, to ascertain the indebtedness of Mrs. Wallton's estate, and to make sale of so much of the real estate left by her as might be necessary to pay the debts.

A history of the proceedings in that case, and of the miscon-
duct of the executor relied on to show that he was guilty of a
*devastavit*, is set out in the bill in this case, and with it are
filed copies of portions of the record in that case, viz., the bill
and its exhibits, the answer of the guardian *ad litem*, the decree
of the court directing one of its commissioners to take an ac-
count of the debts of the estate and their priorities, and to re-
port what portion of the real estate could be sold to pay off the
debts; extracts from the commissioner's report, the decree con-
firming it and directing sale of the land, the report of sale made
by the commissioner to sell, the decree to sell enough of the per-
sonal estate to pay the residue of the debts remaining unpaid after
exhausting the proceeds of the sale of the land upon certain con-
ditions, the report of the commissioner showing the payment of
the debts of the estate, and the completion of his duties as com-
missioner, and the final decree approving that report and strik-
ing the case from the docket.

The appellee, Turnbull, in his own right and as executor, de-
murrer to the bill, and, upon a hearing of the case upon the de-
murrer, the court dismissed the bill, without prejudice to the
rights of the appellants, under section 3424 of the Code.

From that decree this appeal was taken.

If, as the appellants contend, the court sustained the de-
murrer to their bill because they could not bring suit to assert
their rights until they became of age, it erred. Section 3424
of the Code allowing an infant, within six months after he be-
comes of age, to show cause against a decree or order in certain
cases does not prevent him from asserting his rights whilst an
infant by a next friend as soon as he sees fit to do so. *Richmond*
v. *Tayleur*, 1 P. Williams, 733, 736-7; 1 Dan. Chy. Pr. 173
(side page); Judge Carr, in *Tenant* v. *Patton*, 6 Leigh, at page
208.

The grounds relied on here by the appellee to sustain his de-
murrer are, that the bill and exhibits in this case show that all
matters about which complaint is now made were adjudicated

and finally settled in the case of *Harrison and wife* v. *Wallton's Executor, &c.*, and that these matters, being *res judicata* cannot be inquired into and made the subject of litigation in a collateral proceeding, as is attempted in this case.

The injuries complained of and for which the appellants seek compensation, resulted, as is alleged, from the gross negligence and misconduct of the executor in allowing the claims of Mrs. Harrison to be established as a debt against the estate of her mother when, in fact, there was nothing due her,. and from injuries arising from the subjection of the real estate primarily to· the payment of that and other debts due from the estate instead of first subjecting the personal estate to their payment. The bill and exhibits in this case show that both the validity and amount of Mrs. Harrison's debt, and the propriety of subjecting the assets of the estate to the payment of the debts in the manner in which they were subjected were necessarily adjudicated and settled in that case.

There can be no recovery in this case against the executor without showing that the debt asserted by, and adjudged to be due to, Mrs. Harrison in that case was not due her in whole or in part, or without showing that the manner in which the real estate was decreed to be and was subjected in that case was erroneous. The proceedings in that case not only bar a second suit between the same parties or their privies upon the same claim or demand, but they also bar a suit between the same parties or their privies upon a different cause of action, if it appears that the issue presented in the latter suit was involved and determined in the former suit. *Shumate* v. *Supervisors*, 84 Va. 574; *Bigelow* v. *Winsow*, 1 Gray. 299; 1 Freeman on Judg., secs. 253 to 258. See also *Miller* v. *Wills*, *ante*, p. 337; *Miles* v. *Caldwell*, 2 Wall. 35; *Cromwell* v. *Sac County*, 94 U. S. 351; Vanfleet's Collateral Attack, sec. 17.

Such a judgment or decree is conclusive upon the parties to it until reversed upon appeal, or until set aside or annulled by some proceeding instituted for that purpose.

And it is well settled with us that an infant, as a general rule, is as much bound by a decree against him as a person of full age. The law recognizes no distinction between a decree against an infant and a decree against an adult. And therefore it is that an infant can impeach only upon the grounds which would invalidate it in the case of another person, such as fraud, collusion or error. *Zirkle* v. *McCue*, 26 Gratt. 517, 528; *Pennybacker* v. *Switzer*, 75 Va., at page 668; 1 Minor's Inst., at pp. 507-8.

It is insisted that only those appellants who were in being and were parties to that suit are bound by the proceedings in that case.

Mrs. Wallton had devised and bequeathed all her property, both real and personal, after the payment of her debts, to her daughter, Mrs. Harrison, for life, and at her death to her children then surviving, and the heirs of such of them as might be dead. The children of Mrs. Harrison in being at the time the suit of *Harrison and wife* v. *Wallton's Exor., &c.*, was brought were made parties defendant, and answered the bill by their guardian *ad litem*.

The general rule certainly is that no person is bound by a judgment or decree except those who were parties or standing in privity with others who were parties. But there are exceptions to the rule of equal authority with the rule itself. *Baylor* v. *Dejarnette*, 13 Gratt., at page 164. It would certainly be unreasonable and unjust that a party having a charge upon an estate affecting the whole fee should be delayed or embarrassed in enforcing his claim because of limitations by way of remainder to persons whom it might be impossible or improper to make parties to the cause. To obviate this difficulty the doctrine of virtual representation has been introduced by which certain parties before the court are regarded as representing those coming after them with contingent interests. *Baylor* v. *Dejarnette, supra,* 166.

It was said by Lord Redesdale in *Giffard* v. *Hart.*, Sch. &

Lef. 686, 407-8, that where all the parties are brought before
the court that can be brought before it, and the court acts upon
the property according to the rights that appear, without fraud,
its decision must of necessity be final and conclusive. And this
statement of the law is cited with approval by Judge Lee in
*Baylor* v. *Dejarnette, supra*, and by Judge Moncure in *Faulk-
ner* v. *Davis*, 18 Gratt. 651, 690, where the question is fully
discussed.

The appellants who were not in being when the suit of *Har-
rison and wife* v. *Wallton's Exor*. was instituted, and whom it
was impossible to make parties to that suit in person must be re-
garded as parties to it by *representation*, and are as effectually
bound by the decrees rendered in that cause as if they had been
in being and made parties to it in person.

The counsel of the appellants also insist that, if it be neces-
sary to set aside and annul any of the decree in the case of *Har-
rison and wife* v. *Wallton's Exor*. in order that the executor may
be held responsible for the *devastavit* charged, the averments of
the bill in this case and the prayer for general relief are suffi-
cient (treating it as an original bill in the nature of a bill of
review) to enable the court to set aside and annul the decrees
in that case which would bar a recovery in this.

In all suits instituted for the purpose of impeaching transac-
tions on the ground of fraud, it is essential that the nature of the
case should be distinctly and accurately stated.    It must be
shown in what the fraud consists, and in what manner it has
been affected.    Where it is sought to set aside or annul a regu-
lar judgment or decree upon the ground that it was obtained
by fraud practised upon a party, or upon the court during the
trial, or in prosecuting the suit or in obtaining the judgment or
decree, it is necessary, it is said, that the bill should state a case
which shows actual fraud, (Kerr on Fraud & Mistake, 353;
*Patch* v. *Ward*, 3 Chy. App. Cases L. N. 203.  See also Mil-
ford and Taylor's Pl. and Pr., 190, 191; *U. S.* v. *Throckmorton*,

98 U. S. 61); and that the suit should be brought for the express purpose of impeaching the decree, otherwise it will be regarded as a collateral attack. 2 Freeman on Judgments (4th ed.), 336; 12 Am. & Eng. En. of Law 147j; Milford & Taylor's Pl. & Pr. 190-1.

It is clear that this bill was not filed for the express purpose of impeaching the decrees rendered in the former case.

Neither do the statements of the bill make a case of actual fraud. This is not contended. The claim is that it does show a case of constructive fraud, and that this is sufficient.

Whether it is essential, in order that a judgment or decree may be set aside and annulled for fraud, that the suit shall be brought expressly for that purpose, and that the bill shall state a case of actual fraud, it is unnecessary to decide or express any opinion upon in this case, as the bill is fatally defective as a bill for that purpose, in another respect.

None of the purchasers of the lands sold in that case or those who held under them are made parties to this suit, except Mrs. Harrison. The persons whose rights would or might be affected by setting aside the decrees complained of were necessary parties to any suit brought for that purpose, or in which such relief could be granted. Story's Eq. Pl., sec. 420; *Harwood* v. *Railroad Co.,* 17 Wall. 78; 3 Amer. & Eng. En. Pl. & Pr. 620, &c.

We are of opinion that the court did not err in sustaining the demurrer of the executor to the bill, and dismissing the cause as to him.

Neither did it err in dismissing it as to Mrs. Harrison, although she failed to appear and make defence. The defence of the executor, her co-defendant, was not personal to him. It went to the foundation of the appellant's right to recover upon the case stated.

The bill did not make a case entitling the appellants to relief. It showed that the validity of Mrs. Harrison's debt had been established in the case of *Harrison and wife* v. *Wallton's Exor.,* to

which suit they were all parties.    The court having jurisdiction both of the subject and the parties, the decrees in this case were a complete bar to a recovery against Mrs. Harrison as well as the executor as long as they remained in force.    See *Cartaigne* v. *Raymand,* 4 Leigh 626, 627; *Terry* v. *Fontaine,* 83 Va. 451; *Aiken* v. *Connelly,* 24 S. E. 909-10.

The decree complained of must be affirmed.

*Affirmed.*