# Troy *v.* Protestant Episcopal Church, *et al.*

*Bill for Partition, and to Require Payment for Improvements.*

(Decided Dec. 21, 1911.   56 South. 982.)

1. *Life Estate; Liability for Taxes.*—An assessment for public improvement is not such a tax as is within the rule that a life tenant must pay ordinary taxes; hence, where a public improvement is of a permanent nature, the assessment therefor may be equitably divided between the life tenant and the remaindermen, but where the improvement is of an ordinary character and benefits the life tenant only, the assessment must be paid by the life tenant.

2. *Same.*—The construction by a city of concrete sidewalks at the cost of the abutting property is the construction of a permanent public improvement, and the assessment therefor may be divided between a life tenant and the remaindermen.

3. *Same; Contribution; Enforcement.*—An assessment for a public improvement at the cost of abutting property creates merely a lien on the property, and does not fix a personal charge against the owners, and in the absence of an agreement of personal responsibil-

ity, the discharge of a lien by the life tenant does not entitle him to a personal judgment against the remaindermen, his only recourse being to enforce the lien against the remaindermen by way of equitable contribution or subrogation.

4. *Same.*—In order for a life tenant to compel the remaindermen to pay a proportionate part of the costs of a permanent public improvement such life tenant must aver and prove that he has discharged the lien for the cost; hence, such a bill by a life tenant which merely sets out the payment by such life tenant of one-tenth of the assessment, without any averment that the payment was made before or after the filing of the bill is not sufficient, since under sections 1401 and 1402, Code 1907, the assessment is entire and enforceable as a whole demand in case of default, although payable in installments.

5. *Same; Equitable Apportionment; Parties.*—A life tenant who seeks by a bill an equitable apportionment of an assessment for a permanent public improvement by compelling the remaindermen to pay a portion of the costs of the improvement, must make the city making the improvement a party.

6. *Tenancy in Common; Mutual Rights; Contribution; Liens.*— One of several tenants in common who removes a burden resting on a joint estate is entitled to contributions from the others, whether the burden arises from the payment of a mortgage, purchase money lien, taxes, ground rent, or the removal of a superior title. However, where one discharges a lien on the common property as to which no personal liability attaches against the co-tenant, disconnected from any agreement between the parties, and from any circumstances which clearly establish that one must have necessarily been authorized to act for the others, such one is limited to the enforcement of a lien against the property.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Sophia B. Troy against the Protestant Episcopal Church and others for a sale of land for division, and to require defendants to pay a proportionate part of the costs of a public improvement. From a judgment sustaining demurrers to the bill, plaintiff appeals. Affirmed.

The facts made by the bill are that Mary Sheets owned certain described lots in the city of Decatur, and by will devised these lots to Sophia Troy for her life, with remainder to the Protestant Episcopal Church, for the use of the Orphans' Home of said church located at Mobile, Ala.; that about the 27th day of September, 1903, the said Mary Sheets died, and her will was probated, a

copy of which is attached to the bill; that by an act of the Legislature upon the probate of the will the title to the property described vested in the respondent. It is averred that the property described in the vacant lots is well located and exceedingly valuable, but is not improved and brings in no revenue, and owing to the fact that one parcel is larger than the other, and owing to the location of each lot, it is averred that the land cannot be equitably divided between the owners thereof. It is then averred that under an ordinance the city of Decatur has recently constructed sidewalks of concrete, requiring the property owners to pay for same, and under said ordinance sidewalks were constructed around three sides of the above-described property; that the city has threatened to have some property sold to pay for the costs of constructing said sidewalks, and, owing to the fact that oratrix owns only a life estate, it is difficult for oratrix to raise the money necessary to pay the same, and respondent refuses to pay any part thereof. It is further alleged that it is inequitable and unjust for oratrix to pay or be required to pay the entire amount of this so-called improvement, and for the defendant not to be required to pay any part thereof. It is also averred that under said ordinance of the city of Decatur a lien is claimed by said city to exist upon said above-described lots to pay for the costs of the construction of said improvements. The bill was afterwards amended by making the St. Paul's Episcopal Church of Decatur, of the diocese of the state of Alabama, party respondent, and by making the vestrymen, whose names are therein set out, of such church, parties respondent, with the averment that the property, temporalities, and control of said church property is vested in the aforesaid vestrymen. It is further averred that the St. Paul's Episcopal Church has an organization and church building in De-

catur, and that under the terms of the will it acquired a remainder or reversion in said property described. The prayer of the bill is that upon final hearing said described property be sold for division or partition, and that in and by said decree defendants' interest as remaindermen therein will be found thereby; that in and by said decree respondent be required to pay its fair and proportionate part of the costs of construction of the pavement around said lot, and for general relief. The bill was subsequently amended by alleging the location of said lot to be in the town of Decatur, and that the sidewalks were constructed under an ordinance, passed by the municipality, levying a special tax, creating a lien upon said lots for the payment of the construction. The expense of construction is alleged to be $519.64, payable in installments of $51.19 each year for a period of ten years. It is further alleged that the improvements made are permanent, increasing the value both of the life estate and the estate in remainder. It is further alleged that the city is threatening to have said property sold to pay for the costs of construction of said sidewalks, in the event payment is not made thereof as the payments fall due, and has threatened to sell such property for the construction of said sidewalks for what is now due thereon under said ordinance. It is then alleged that defendants should be required by the decree of this court to bear their ratable proportion of the costs of said improvements in proportion to the benefits accruing, to plaintiff as the life tenant of said property and to defendants as remaindermen. The prayer is also amended, seeking to require the defendants to pay so much of the costs of said improvements as is proportionate to the benefit accruing to them from the increased value of the property by reason of the permanent improvement.

The demurrers were to the bill as last amended, and are as follows: "(1) No equity. (2) No facts showing that the said assesment by the city of Decatur are liens against the property. (3) The right of contribution depends upon complainant having first paid the assessment, and no payment as averred. (4) Under the law authorizing said special assessment, the only remedy conferred for the collection of said assessment is a proceeding in rem by the city of Decatur, or its assignee of the lien on said property, by a sale of the property, and complainant is seeking to force these defendants to pay said assessment in a suit in personam."

KYLE & HUTSON, for appellant. It is conceded that complainant as life tenant must pay all the ordinary taxes levied upon the property during the continuance of the life estate; but such is not the law with reference to a special assessment: There is a clear distinction between taxes and assessments. Taxes are impositions for a purpose of general revenue; assessments are special and local impositions upon property in the immediate vicinity of an improvement for the public welfare, which are necessary to pay for the improvement, and laid with reference to the special benefits which such property derives from expenditure.—*Reinkin v. Feuhring,* 30 Amer. St. Rep. 247, and note on page 253. "An assessment for the public improvement is not an ordinary tax."—16 Cyc. 624 and note 8. "Where there is a permanent improvement increasing the value of the remainder, there would be no justice in requiring the life tenant to pay for such increase of value, and in such case the cost for the construction of the permanent improvement should be borne ratably by the life tenant and remainderman."—*Huston v. Tribetts,* 63 Am. St. Rep. 275; 4 Kent's Commentaries, 14; 16 Cyc. (taxes and

assesments) 634 and Note 9. "Municipal assessments for permanent improvements on land are apportionable between the life tenant and the remainderman, according to the circumstances, and their respective interests."—Note to *Cairns v. Chabert*, 6 N. Y. Chan. Rep. 670; *Holcomb v. Holcomb*, 29 N. J. Eq. 601. In discussing this question, it is said: "The rule as to assessments for permanent improvements on the premises is otherwise and they must be equitably apportioned between the estates."—See note to *Holcomb v. Holcomb*, 29 N. J. Eq. 601, where many authorities are cited. The bill as amended avers that concrete is a lasting material (a fact which the court perhaps judicially knows, as buildings are now being built of this material), and that the improvement is permanent; the demurrer probably confesses this to be true, but because the averment is made that the sidewalk will be "permanent," does not mean that it will last forever.—*Texas & Pac. R. Co., v. City of Marshall*, 136 U. S. 393; (book 34 Law Ed. 386-389). "A surety having paid more than his share of the principal's debt, may maintain a bill in equity to enforce contribution from his co-surety, although he also has a remedy at law."—*Handley v. Heflin*, 84 Ala. 600. Originally, courts of equity alone could grant the relief prayed in this bill. It is no answer to this suit that courts of law now grant similar relief. The jurisdictions are simply concurrent."—*Broughton v. Wimberly*, 65 Ala. 550; *Buckner v. Stewart*, 34 Ala. 529-535; 4 Pom. Eq. (3 Ed.) Sec. 1418. "It has been repeatedly held that the right to contribution does not depend on contract, 'it is a principle of equity having its foundation in natural justice, that when one discharges more than his just portion of a common burden, another who has received the benefit, ought to refund to him a ratable proportion."—*Carter v. Fidelity and Deposit Company of Md.*, 134 Ala. 375.

"A court of equity does not administer partial justice but, taking jurisdiction in a proper case, ever seeks to conclude the whole controversy."—*New Decatur v. Scharfenberg,* 147 Ala. 371; *Cobia v. Ellis,* 149 Ala. 108; *Ashurst v. McKenzie,* 92 Ala. 490.

CALLAHAN & HARRIS, for appellee. A sufficient condemnation of the bill is the utter lack of averment showing any compliance with the statutory requirements of section 1359, et seq., Code 1907. The improvement statutes do not make the assessment personal to the owner, but merely a lien upon the property.—*City of Huntsville v. Madison County.*—52 South. 326. A surety is not entitled to subrogation until the payment of the debt for which he is liable.—*Knighton v. Curry,* 62 Ala. 404. Where a part of a tract of land is subject to street assessment, the owner must pay the full amount of the assessment, and compel contribution from the other owner.—5 Dic. Dig. 581; 83 Pac. 800. The cost of sidewalk improvements such as is shown in this case, should be borne by the life tenant.—50 S. W. 33; 7 L. R. A. 533; 65 Atl. 1084; 3 S. W. 482; 82 Tenn. 364. Prior to section 5231, Code 1907, equity could not sell lands for division.—*Oliver v. Jernigan,* 46 Ala. 41; *Lyon v. Powell,* 78 Ala. 356; *Wilkerson v. Stewart,* 73 Ala. 204.

ANDERSON, J.—As a general rule it is the duty of a life tenant to pay all ordinary tax and to keep the property in repair, but an assessment for a public improvement is not an ordinary tax. "If the assessment is for something in the nature of a permanent improvement of the whole estate, it may be ratably and equitably divided between the tenant for life and remainderman, but where the improvement is of a temporary character, calculated to benefit only the life interest, the assessment

must be paid entirely by the life tenant."—16 Cyc. 634, and cases cited in note.

The bill avers such permanent, constructive, and compulsory improvements, as distinguishable from ordinary repairs or temporary improvements, as to make the assessment in question a charge against the whole estate and which should be ratably and equitably divided between the complainant and respondents.

The right to contribution does not depend upon contract. "It is a principle of equity having its foundation in natural justice; that, when one discharges more than his just portion of a common burden, another who has received the benefit ought to refund to him a ratable proportion."—*Carter v. Fidelity Co.,* 134 Ala. 369, 32 South. 632, 92 Am. St. Rep. 41; *Owen v. McGehee,* 61 Ala. 440. "Where one of several tenants in common or joint tenants of land removes a burden resting upon the joint estate, he is entitled to just contribution from the others, so that the burden may be equal. This rule applies alike to the payment of a mortgage, a purchase-money lien, taxes assessed upon the land, ground rent or the removal of a superior title."—7 Am. & Eng. Encyc. Law, 353, 354. The general rule in equity is that all the estate concerned, whether defined by quantity of interest and duration, or by extent of territory, shall contribute to the incumbrance according to their relative value when the debt falls due.—*Danford v. Smith,* 23 Vt. 247. So a life tenant may have contribution against the remaindermen.—*Daviess v. Myers,* 13 B. Mon. (Ky.) 514; *Miller's Estate v. Tuck.* (N. Y.) 346. When, however, one discharges a lien upon the common property, and as to which there was no personal liability against the other owners, disconnected from any agreement between the parties and from any circumstances which clearly establish that one must have necessarily been

authorized to act for the other, he must in the assertion be limited to the declaration and enforcement of a lien against the property. If a different rule prevailed, every part owner would constantly incur the hazard of being required to pay for the removal of incumbrances much in excess of the value of the estate.—Freeman on Cotenancy, § 263.

The assessment in question is no more than a mere lien on the property, and not a personal charge against the owner.—*City of Huntsville v. Madison County*, 166 Ala. 389, 52 South. 326, 139 Am. St. Rep. 45. Therefore, in the absence of some agreement for personal responsibility, the discharge of the lien by one owner would not entitle him to a personal judgment against the other, and his only resource is to enforce a lien against the other interest by way of equitable contribution or subrogation, and, in order to do this, he must first aver and prove that he has discharged the lien on the common property; otherwise, he has no standing in court as the right to equitable contribution is dependent upon a previous discharge of the lien.

The present bill avers no discharge by the complainant of the lien of the city upon the common property. It merely sets out the payment of one-tenth of same, without averring that it was made before or after the bill was filed, but, if made before, a mere effort to partially discharge the lien would give the complainant no right to proceed against the remaindermen. He must first discharge the lien entirely before he can maintain a bill to enforce an equitable lien by way of contribution upon the interest of the respondents.

While the assessment can, under certain conditions, be made payable in installments, yet each installment is not a separate and distinct lien enforceable in piecemeal, but is entire and enforceable as a whole demand

in case of a default.—Sections 1401 and 1402 of the Code of 1907; *Williams v. Bergen,* 127 Cal. 578, 60 Pac. 164.

It may be that the complainant has a remedy by a bill for an equitable apportionment of the assessment (*Chamberlain v. Thomas,* 163 N. Y. 214, 57 N. E. 487; *Thomas v. Evans,* 105 N. Y. 601, 12 N. E. 571, 59 Am. Rep. 519; *Peck v. Sherwood,* 56 N. Y. 615), but the present bill does not proceed upon this theory, and, if it did, the city of Decatur would be an indispensable party.

We will not put the chancellor in error in dismissing the bill, which was done without prejudice.

The decree of the chancery court is affirmed.

Affirmed.

SIMPSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.