(85 South. 498)

DOTHAN GROCERY CO. v. DOWLING et al.
(4 Div. 838.)

(Supreme Court of Alabama. April 22, 1920.)

1. Covenants ⬳42(2)—Grantor of a portion of lot by warranty deed assumes the whole burden of incumbrance.

Where a portion of a lot the whole of which was subject to lien for sidewalk improvements was conveyed by deed warranting the property to be "free from incumbrances," grantor assumed the whole burden of incumbrances as a charge upon his own parcel, while grantee took his portion entirely free and had a right as against a later mortgagee of the grantor, taking with knowledge of such conveyance, to have such portion exonerated from the tax lien incumbrance.

2. Subrogation ⬳1—"Subrogation" defined.

"Subrogation" is a mode which equity adopts to compel the ultimate discharge of a debt by him who in equity and good conscience ought to pay it, and is not dependent on privity or contractual relations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subrogation.]

3. Subrogation ⬳14(2)—Grantee of portion of lot subject to sidewalk improvement lien subrogated to city's lien.

Where a portion of a lot, the whole of which was subject to sidewalk improvement lien, was conveyed by deed warranting the property to be "free from incumbrances," grantee, on payment of the entire amount due to protect lot from foreclosure, was entitled to be subrogated to the lien of the city for reimbursement, though such lien was a statutory lien given city and was not shown to have been assigned to grantee.

4. Pleading ⬳8(21) — Allegation mortgagee was put on inquiry held conclusion of pleader.

Allegation that mortgagee took mortgage with notice of prior conveyance "or was put on inquiry" held, in so far as quoted words are concerned, a mere conclusion of the pleader.

5. Costs ⬳241—Will be divided where decree is affirmed in part and reversed in part.

Where decree sustaining demurrer to bill as a whole is reversed, but is affirmed as to the assignment of demurrer to a particular part of the bill, costs of appeal will be taxed one-half against appellant and one-half against appellees.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill by the Dothan Grocery Company against H. H. Dowling and others for exoneration and subrogation to a tax lien. From a decree sustaining demurrers to the bill complainant appeals. Affirmed in part, and in part reversed and remanded.

Bill by appellant, a corporation, against H. H. Dowling and others, partners doing business under the name of Dothan Foundry & Machine Company, and J. U. Cureton, L. P. Kirkland, and A. T. Marchman, seeking reimbursement for funds paid out by complainant in discharge of a lien for sidewalk improvements paid to the city of Dothan, and to that end seeks exoneration and subrogation.

The bill, in substance, shows that Cureton, Kirkland, and Marchman owned a lot in

Dothan upon which the city held a valid lien for sidewalk improvements, which lien covered the entire lot. These respondents [Cureton, Kirkland, and Marchman] in February, 1914, sold a portion of said lot to complainant under warranty deed. In the sixth paragraph the bill charges that on March 7, 1914, the said Cureton, Kirkland, and Marchman conveyed by mortgage to the Dothan Foundry & Machine Company the balance of said lot; said paragraph containing the following averment:

"Orator further avers that when the Dothan Foundry & Machine Company took said mortgage it had notice, or knowledge, or was put on inquiry that the complainant had purchased said real estate set out and described in the fifth paragraph of this bill of complaint."

The bill also avers that the complainant, in order to protect said property and to relieve the same from the lien of the city, paid the full amount of said sidewalk assessment. It is sought by the bill to have complainant's portion of the lot exonerated as to said assessment and lien, and to have the remaining portion, conveyed by mortgage to the foundry company, declared primarily liable therefor, and that complainant be subrogated to the lien of the city for reimbursement of the sum paid in discharge thereof.

Respondents' third ground of demurrer to the bill as a whole was that it did not appear the city of Dothan had transferred the lien to complainant, and the fifth ground was that the bill shows complainant was not entitled to exoneration. There were also assignments of demurrer to the effect the lien was a statutory lien and had been paid. There was also demurrer to that part of the bill as to notice to the foundry company of the conveyance to complainant, to the effect that the allegations of notice were in the alternative, and that the phrase "or was put on inquiry," in the sixth paragraph, is but a legal conclusion.

The court sustained the third and fifth grounds of demurrer to the bill as a whole, and also certain specific grounds assigned to certain portions of the bill set out in paragraphs 6 and 7. From this decree the complainant prosecutes this appeal.

Farmer, Merrill & Farmer, of Dothan, for appellant.

Complainant was entitled to exoneration. 196 Ala. 198, 72 South. 36; 122 Ala. 256, 25 South. 206, 82 Am. St. Rep. 76; 87 Ala. 415, 6 South. 625, 6 L. R. A. 451; 37 Cyc. 363 et seq.; 61 Ala. 440; 134 Ala. 369, 32 South. 632, 92 Am. St. Rep. 41; 89 Ala. 273, 7 South. 663; 62 Ala. 404; 174 Ala. 380, 56 South. 982, Ann. Cas. 1914B, 815; 75 Ala. 148; 115 Ala. 682, 22 South. 468.

Chapman & Lewis and H. K. Martin, all of Dothan, for appellees.

Pleadings will be construed most strongly against the pleader. 174 Ala. 315, 56 South. 585. The entire lien must be discharged before equitable subrogation applies. 174 Ala. 388, 56 South. 982, Ann. Cas. 1914B, 815. The statutory method of enforcement is exclusive. 166 Ala. 389, 52 South. 326, 139 Am. St. Rep. 45. The right of exoneration is not absolute. 196 Ala. 205, 72 South. 36.

GARDNER, J. (after stating the facts as above). [1] The bill discloses that the respondents Cureton, Kirkland, and Marchman owned a lot in the city of Dothan, incumbered by a lien of the city as provided by statute for sidewalk improvements, and sold a portion of said lot to complainant by warranty deed. The deed is one of bargain and sale and contains the usual covenants, including, of course, that the property "is free from incumbrances." Such a conveyance therefore discloses an intention between the grantor and grantee that the former is to assume the whole burden of the incumbrance as a charge upon his own parcel, while the grantee is to take and hold his portion entirely free. Howser v. Cruikshank, 122 Ala. 256, 25 South. 206, 82 Am. St. Rep. 76.

The doctrine of exoneration is treated fully in 3 Pomeroy's Eq. Jur. (3d Ed.) § 1224, from which this court has frequently taken quotations. Northwestern Ass'n v. Harris, 114 Ala. 468, 21 South. 999; Howser v. Cruikshank, supra; Interstate L. & I. Co. v. Logan, 196 Ala. 196, 72 South. 36. The tax lien incumbrance here in question comes within the principle of exoneration as much as a mortgage lien. Troy v. Protestant Episcopal Church, 174 Ala. 380, 56 South. 982, Ann. Cas. 1914B, 815.

This principle, under the facts here disclosed, clearly gave to the complainant, as against its vendors, a right to have exonerated from this tax lien incumbrance that portion of the lot purchased by it. As said by this court in Aderholt v. Henry, 87 Ala. 415, 6 South. 625, 6 L. R. A. 451:

"A court of equity, in charging land subject to an incumbrance, which has been successively sold and conveyed in parcels, with covenant of warranty, to different persons, pursues the inverse order of alienation."

And, as pointed out in section 1224 of Pomeroy's Eq. Jur., supra, when the incumbrancer afterwards conveys his remaining portion of the property, such transaction cannot affect the first purchaser's pre-existing priority, as the second purchaser acquires no higher equity than that possessed by his immediate grantor. Therefore the Dothan Foundry & Machine Company, taking its mortgage with notice of complainant's purchase, acquired no higher equity than that possessed by its mortgagor. The bill therefore discloses that complainant is

entitled to have its portion of the lot exonerated from this incumbrance.

[2] Complainant further shows, however, that, in order to protect its lot from the foreclosure of this lien, it was compelled to pay the entire amount due, and therefore seeks to be subrogated to the lien of the city for reimbursement thereof. Subrogation is a mode which equity adopts to compel the ultimate discharge of a debt by him who in equity and good conscience ought to pay it, nor is it dependent on privity or contractual relations. Sheldon on Subrogation, §§ 1–11, inclusive. Nor is the equitable doctrine here considered affected by the fact that the lien discharged was a statutory lien given to the city, and not shown to have been assigned to complainant. Troy v. Protestant Episcopal Church, supra; Randolph v. Billing, 115 Ala. 682, 22 South. 468.

[3, 4] We are therefore of the opinion that the bill as a whole has equity, and the court was in error in sustaining the third and fifth assignments of demurrer thereto. There were demurrers specifically assigned to that portion of the bill wherein notice of the conveyance to the complainant was sought to be charged to the Dowling Foundry & Machine Company. The averment in this respect was in the alternative, and we are of the opinion the assignment of demurrer taking the point that the language "or was put on inquiry" is but a mere conclusion of the pleader, is well taken, and was properly sustained.

[5] It results therefore that the decree sustaining the demurrer to the bill as a whole will be reversed, but will be affirmed as to the assignment of demurrer to that particular part of the bill above referred to. The costs of this appeal will be taxed one half against appellant and the remaining half against appellees.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes