### DOTHAN NAT. BANK v. HOLLIS. (4 Div. 200.)

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied April 16, 1925.)

1. **Covenants** ⊙≈100(1)—Covenant of warranty, operating as covenant for quiet enjoyment, is breached by assertion of lawful existent incumbrance upon property.

Covenant of warranty, operating as covenant for quiet enjoyment, is breached by assertion of lawful existent incumbrance upon property.

2. **Covenants** ⊙≈102(1)—Covenant of warranty, operating as covenant for quiet enjoyment, entitles grantee or his successors in right to remove incumbrance without awaiting actual eviction.

Covenant of warranty, operating as covenant for quiet enjoyment, entitles grantee or his successors in right to remove incumbrance without awaiting actual eviction.

3. **Covenants** ⊙≈48—Covenant against claims of those "holding through" grantor implies claim or incumbrance created by act of grantor.

In a covenant against "lawful claims and demands of all persons holding through or under" covenantor, "holding through" implies claim or incumbrance created by act of grantor.

4. **Covenants** ⊙≈96(6)—Covenant implied by "grant, bargain, sell" covers local assessment against property while owned and in possession of grantor.

Covenant implied by the words "grant, bargain, sell," having, under statute, the effect of a warranty against incumbrances done or suffered by the grantor, covers a local assessment against the property while owned and in possession of the grantor.

5. **Covenants** ⊙≈96(6)—Covenant in mortgagee's foreclosure deed, implied by words "grant, bargain, sell," does not cover lien for taxes assessed against a mortgagor in possession.

Covenant in mortgagee's foreclosure deed, implied by words "grant, bargain, sell," does not cover lien for taxes assessed against a mortgagor in possession.

6. **Municipal corporations** ⊙≈480, 586—Error in name does not defeat lien of assessment which creates no personal liability.

Under Code 1923, § 2191, error in name of owner on assessment roll does not defeat assessment lien, and no personal liability is created against party named as owner.

---

⊙≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Municipal corporations ⬤⇒484(1)—Assessment deemed regular.**

Proceedings for assessing property are to be taken as regular in absence of proof to contrary.

**8. Covenants ⬤⇒100(3) — Local assessment lien, arising during absolute ownership in bank of property, in possession of another as agent or tenant, accrued through or under bank.**

Local assessment lien, arising during absolute ownership in bank of property, in possession of another as agent or tenant, accrued through or under bank, within covenant warranting and defending premises against lawful claims and demands of all persons holding through or under bank.

**9. Covenants ⬤⇒100(3) — Local assessment lien, arising during possession of individual as owner under executory contract of purchase, accrued under such individual, and not under his grantor.**

Local assessment lien, arising during the possession of an individual as the owner under an executory contract of purchase, the price having been fixed without regard to the benefits of the improvement, accrued under such individual, and not under the holder of the legal title at that time.

**10. Covenants ⬤⇒118—Evidence held to overcome presumption of absolute ownership of land in bank by virtue of its legal title when local assessment accrued against land.**

Where covenantee in a deed executed by bank was in possession of the land under an executory contract of purchase at the time a local assessment accrued against the land, the fact of such covenantee's possession, not shown to be other than in his own right, and the fact of the assessment to him as owner, not shown to have been protested or questioned as regular, *held* to overcome, in view of Code 1923, § 2191, any presumption of absolute ownership in the bank by virtue of its legal title at the time.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action for breach of covenant of warranty by E. H. Hollis against the Dothan National Bank. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Lee & Tompkins, of Dothan, for appellant.

If the lien was created while Williams was in possession, the bank is not liable. Plaintiff failed to discharge the burden of proof resting on him. Moore v. Johnston, 87 Ala. 220, 6 So. 50; Moore v. Johnston, 108 Ala. 326, 18 So. 825; Heflin v. Phillips, 96 Ala. 561, 11 So. 729; Parker v. Parker, 93 Ala. 80, 9 So. 426; Claunch v. Allen, 12 Ala. 159; Copeland v. McAdory, 100 Ala. 553, 13 So. 545.

Reid & Doster and H. R. McClintock, all of Dothan, for appellee.

Covenants of quiet enjoyment are breached by eviction, actual or constructive. Prestwood v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am. St. Rep. 136; Pinckard v. Mortgage Co., 143 Ala. 568, 39 So. 350. Covenants of general warranty run with the the land until breached. Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Mackintosh v. Stewart, 181 Ala. 328, 61 So. 956; Merritt v. Wyatt, 184 Ala. 262, 63 So. 962; 2 Greenl. on Evi. § 242; Code 1907, § 3421.

BOULDIN, J. The suit is for breach of a covenant of warranty in a deed to lands, brought by a subpurchaser from the covenantee. The breach alleged is the existence of a lien arising from a local assessment, made by a municipality for improvements, which plaintiff was required to pay.

The covenant specially counted upon reads:

"And that we will warrant and defend the premises to the same to the said E. C. Williams, his heirs and assigns forever, against the lawful claims and demands of all persons, holding through or under us."

Apart from the concluding clause, there is a covenant of general warranty. By its terms it operates in futuro, is appurtenant to, and runs with, the land.

[1, 2] Among other things, it has the effect of a covenant of quiet enjoyment, and is breached by the assertion of a lawful existent incumbrance upon the property. The grantee, or his successors in right, may remove the incumbrance, without awaiting an actual eviction.

[3] By the added clause "holding through or under us," it is made a special or restrictive warranty. The restriction does not relate to the nature of the incumbrances covered by the covenant, but to the time and manner in which they accrued. The effect of this restriction is the controlling question before us. "Holding through" the grantor implies a claim or incumbrance created by the act of the grantor. "Holding under" the grantor has some wider meaning.

In West v. Spaulding, 11 Metc. (Mass.) 556, Chief Justice Shaw dealt with a covenant against claims or demands of all persons claiming "by, through, or under" the grantor. He treated the covenant as covering incumbrances "made or suffered" by the grantor, and held it did not cover a tax lien by virtue of an assessment made by his predecessor in title. The effect was to hold that the lien accrued under him who then owned the property, and whose duty it was to remove it.

In Carleton v. Tyler, 16 Me. 392, 33 Am. Dec. 673, the court considered a joint covenant of like kind, and held the covenant

breached by all the covenantors, by reason of a prior conveyance of a part interest by one of them.

[4] The covenant implied by the words "grant, bargain, sell" having, under our statute, the effect of a warranty against incumbrances "done or suffered" by the grantor, covers a local assessment against the property while owned and in possession of the grantor. Mackintosh v. Stewart, 181 Ala. 328, 61 So. 956.

[5] But such implied covenant in a mortgagee's foreclosure deed does not cover the lien for taxes assessed against a mortgagor in possession. Hood & Wheeler v. Clark, 141 Ala. 397, 37 So. 550.

The case was tried below without a jury, and on an agreed statement of facts. In 1912 the property was purchased by E. C. Williams from J. U. Cureton, who gave a title bond. This carried a right of possession. In October, 1913, it appears Williams transferred his title bond to Dothan National Bank, and in the following February Cureton executed a deed to the bank. The legal title appears to have been in the bank until May 1, 1920, when it executed to Williams the deed here involved. Meantime on October 9, 1919, proceedings were concluded by which the city of Dothan fixed the local assessment upon the property. The record shows this assessment was made against the lot as the property of E. C. Williams, and that he was then in possession of the property.

The plaintiff, E. H. Hollis, holds by deed from E. C. Williams. Plaintiff's right of action is derivative. The case must be viewed as if Williams brought this action. The record is entirely silent as to the nature of Williams' possession at the time the assessment was made.

[6] Under our statutes an error in the name of the owner does not defeat the lien, and no personal liability is created against the party named as owner. Code 1923, § 2191; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45.

[7] But the statute does require the name of the owner to appear on the assessment roll, and various notices are given to allow him a hearing on the proposed assessment. In the absence of proof to the contrary, the proceedings are to be taken as regular. As the record stands, his possession will be taken to have been in his own right, and the ownership rightfully laid in him.

[8, 9] The controlling inquiry in construing the covenant before us as applied to a local assessment is, who had the benefit of the improvement? If the bank was absolute owner of the property, and Williams in possession merely as its agent or tenant, then the lien accrued "through or under" the bank, but if Williams was in possession as

owner under an executory contract of purchase, the price being fixed without regard to the benefits of the improvement, then he was due to pay the assessment, and the lien will be held to have accrued "under" him and not the bank.

[10] The fact of his possession, not shown to be other than in his own right, and the fact of the assessment to him as owner, not shown to have been protested or questioned as regular, overcome any presumption of absolute ownership in the bank by virtue of its legal title.

The burden of proof was, therefore, on plaintiff to go further to make out a case of breach of warranty.

In awarding judgment for plaintiff, the court below was in error.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.