188 So. 879

**SWOOPE et al. v. DARROW et al.**

**8 Div. 890.**

Supreme Court of Alabama.
April 20, 1939.

Rehearing Denied May 25, 1939.

L. E. Farley, Irvin A. Clement, and Wm. W. Mitchell, Jr., all of Memphis, Tenn., and Paine & Paine, of Aberdeen, Miss., for appellants.

694

Bradshaw & Barnett and W. H. Mitchell, all of Florence, for appellees.

FOSTER, Justice.

This is a suit in equity in which the complainants and some of the respondents claim to own lots 111 and 112 in the city of Florence under the terms of a will of Jacob K. Swoope, which is as follows:

"I give to my wife, Elizabeth T. Swoope, one-third of all the balance of my property, both real and personal, wherever situated, for the term of her natural life.

"I give to my daughter, Tempe P. Swoope, all the balance of my property, both real and personal, upon the following conditions and limitations, viz., that should the said Tempe die without issue of her body, the said property is hereby given to my brothers and sisters, or their descendants, the descendants of each brother or sister to take the share which the brother or sister would have taken, had he or she been living. Upon the death of my wife, I give and devise to my daughter, Tempe, the portion of property herein given and devised to my wife, for the natural life of my wife, and upon the same limitations."

It refers to the same will as that referred to in Ussery v. Darrow, Ala.Sup., 188 So. 885, and submitted and argued at the same time.

The persons who claim as executory devisees under the will are the same parties in both suits. We will refer to that suit as the Ussery case for convenience. In considering that case we referred to a suit which we styled as Darrow v. Swoope,

begun in 1887 in Lauderdale County. We were there dealing with property sold under decree of that court whose proceeds were made available for improvements made on lots 111 and 112, involved in this litigation. But those lots were not sold under that proceeding. They are more directly controlled by the litigation in the case of Darrow v. Florence, 206 Ala. 675, 91 So. 606, to which we referred in that case, but it was not in it brought directly before the Court. But that is done in the bill in this suit in which the proceedings are set out in full.

It is a bill in equity which was filed by the city of Florence on April 24, 1920, which was prior to the death of Tempe which occurred October 16, 1927. It sought to enforce a lien on lots 111 and 112 for improvements to abutting streets. She is made a party to the bill together with a large number of persons said in the bill to be the heirs at law of the brothers and sisters of the testator, who were then all dead, and all of them described as then in being, some being then minors but most of them were alleged to be then over twenty-one years, and whose residences were in Tennessee, Mississippi and Alabama, and some were alleged to be unknown, though diligent inquiry as to them had been made, embracing the descendants (heirs) of J. S. Billups, Tom Clay and Matthew Clay. The affidavit of non-residence and as to the said unknown heirs was made by a solicitor of record for complainants which stated their names, ages and residences were unknown to him, and could not be ascertained on diligent inquiry.

Mrs. Tempe Darrow appeared and filed a demurrer and answer to the bill. The answer was that she was the owner of the property in fee simple and that the descendants (heirs) of the brothers and sisters of testator had no interest in the property, but made the answer a cross-bill against them, and prayed for a construction of the will as between them and her. The affidavit of non-residence was by her counsel, not the one appearing for the city, but in the same form as we have described in respect to the unknown heirs of the named brothers. Three of the parties, Edgar Swoope, Sue Swoope Ashford and Edgar Moore appeared by counsel and demurred to the cross-bill. Decrees pro confesso were entered as to the other adults and guardians ad litem were appointed and answered for the minors.

The cause came on for final decree on depositions taken and on the pleadings. The court declared and enforced the lien and decreed that Tempe Darrow, then fifty-six years old, took a fee simple conditioned upon her bearing children, but not having done so, held that she will not then in the course of nature bear one, and that her estate was for life with remainder to the brothers and sisters of testator or their descendants. The decree then proceeded to provide for their protection in respect to any balance after a sale of the property to pay the debt.

Mrs. Tempe Darrow appealed to this Court. It was held that the survivorship related to the time of the death of testator and because Tempe was then living and had not died without issue she took the fee under the will. See report of the case supra.

The bill in the instant suit alleges facts designed to show that a different construction of the will should be made so as to pass a base fee to Tempe defeasible on her death without issue, and in that event that it passed to the descendants of his brothers and sisters as executory devisees. These facts are set out in the Ussery case, supra, and will not be here repeated.

This bill attacks the proceedings in the case of Darrow v. Florence, supra, on various grounds which we will discuss later in this opinion. After the termination of that litigation, as this bill alleges, Mrs. Tempe Darrow and her husband executed a deed to respondent Richardson Lumber Company on January 2, 1926, and received back notes and mortgage as security for the purchase money. It does not allege that at the time of said transaction said lumber company had notice of the collateral facts now set up and which are thought to be sufficient to cause a different interpretation of the will. But the Richardson Lumber Company was made a party to the suit in Darrow v. Florence, supra, upon allegation that it was in possession of the property on an unexpired lease. A decree pro confesso against it was entered. But no special relief as to it was sought nor decreed.

There was a hearing on demurrer to this bill, and the court sustained the demurrer, writing an opinion showing that he thought that as an effort to obtain a

different construction of the will complainants were barred by laches, and the attack on the former litigation was not filed in due time nor well supported by the facts alleged. The appeal is from that decree.

If the present claimants as executory devisees were bound by the result of the case of Darrow v. Florence, supra, they cannot now sustain their claim. The binding effect of that litigation is under attack from many angles. We will endeavor to treat them in what appears to us to be the logical order.

To what extent were they parties either in person or by virtual representation? Judging by the names stated in that suit and in this, it seems apparent that the following persons were parties to both suits: Saunders S. Ussery, Jacob K. Swoope, Tempe Kyser, W. Clay Swoope, Annie S. Patton, Carter C. Swoope, Susan S. Ashford. An affidavit of non-residence was made as we have shown as to them as parties to both original and cross-bills, and a decree pro confesso was entered by the register against Carter Swoope, Tempe Kyser, W. Clay Swoope, Annie Swoope Patton, Mrs. Saunders Swoope (Ussery) and J. K. Swoope. There was an appearance for Mrs. Sue Swoope Ashford by Andrews and Peach, attorneys, who demurred to the cross-bill and made answer to it. This was also done by them for Edgar Swoope and Edgar Moore, whose names do not seem to appear in this bill. There was a guardian ad litem for Carter Swoope and the unknown heirs of J. S. Billups, of Tom Clay and of Mathew Clay. There were others made parties and served with personal notice or by publication, stated to be heirs of deceased brothers and sisters of testator. Decrees pro confesso were entered as to them. Their exact relation to those now stated to be descendants of said brothers and sisters is not here shown. Some of the parties to that suit were brought in by publication on averment that they were descendants (heirs) of J. S. Billups, Tom Clay and Matthew Clay, respectively, brothers of testator, who were dead; that their names, ages and residences were unknown and could not be ascertained on diligent inquiry.

The bill here alleges that Edgar Moore who appeared by Andrews and Peach was intended for Edward Moore who employed them to represent him in other litigation instituted by Tempe Darrow, and that without authority they appeared for him in the city of Florence case. It is alleged that he is now dead. There is no allegation of a want of authority to represent Mrs. Sue Swoope Ashford and Edgar Swoope.

If we assume that the decree was subject to attack on behalf of Edward Moore, supra, on the ground stated (see Zorn v. Lowery, 236 Ala. 62, 181 So. 249; Wise v. Miller, 215 Ala. 660, 111 So. 913), no such claim is made on behalf of Mrs. Ashford, a party to both suits. She is not a complainant in this cause, but a respondent. However her appearance and contest in the City of Florence case is material on the question of virtual representation. She was adversely interested to Tempe Darrow. She there sought a construction of the will such as these complainants now contend. The trial court agreed, and on appeal to this Court by Tempe Darrow, counsel for Mrs. Ashford contested vigorously and ably as the report of the case shows, resulting in a decision on rehearing by a divided Court. It is manifest that it was by no means a pro forma litigation, but a real contest, with both sides represented by eminent counsel. True the facts now brought out by these complainants as shedding light on the construction of the will were not there alleged. But we have no right to assume that Mrs. Ashford by her counsel did not make their contention in good faith either without knowledge of those facts or on the assumption that they would not change the result. As to her, so far as now appears, that litigation was conclusive. It was also conclusive on the other persons who were there made parties, and who are here claiming a different construction of the will, unless they successfully attack it on some other ground to be later considered in this opinion.

So that we reach the question of whether those parties to that suit bound themselves and the descendants of other brothers and sisters who claim to be executory devisees at the death of Tempe Darrow, but would not have been so had she been dead without issue at the time that suit was begun. They are not so bound unless it be under the principle of virtual representation, which we referred to in the Ussery case, supra. Our cases of Elmore v. Galligher, 205 Ala. 230, 87 So. 349; Culley v. Elford, 187 Ala. 165, 65 So. 381, and others are there discussed.

There are several leading cases on the subject which we will name: McArthur v. Scott, 113 U.S. 340, 5 S.Ct. 652, 28 L. Ed. 1015; Baylor's Lessee v. Dejarnette, 13 Grat., Va., 152; Faulkner v. Davis, 18 Grat., Va., 651, 98 Am.Dec. 698; Hale v. Hale, 146 Ill. 227, 33 N.E. 858, 20 L.R.A. 247, and a later case of Wolf v. Uhlemann, 325 Ill. 165, 156 N.E. 334. See, also, 21 Corpus Juris 295, 296; 34 Corpus Juris 1000. None of them are in conflict with an application of this doctrine to the case now before us.

In our case of Culley v. Elford, supra, this Court referred to some of those cited above, and distinguished it from one where a party has a lien which he is seeking to enforce which affects the whole fee, and quotes from Baylor v. Dejarnette, supra, as follows [187 Ala. 165, 65 So. 383]: "It would be 'unreasonable and unjust that a party having a charge upon an estate affecting the whole fee should be delayed or embarrassed in enforcing it by reason of limitation by way of remainders to persons whom it may be impossible or improper to make parties to the cause.'" Harrison v. Walton's Ex'r, 95 Va. 721, 725, 30 S.E. 372, 41 L.R.A. 703, 64 Am.St.Rep. 830. Hence under such circumstances, it was said to be sufficient to bring before the court the persons having the vested heritable estate, omitting those who may claim remotely and contingently in remainder. "But," he observed, "where the doctrine of virtual representation is allowed to operate, the relation between the parties present and those represented should be such as to afford reasonable assurance of proper defense."

And in McArthur v. Scott, supra, it is said that "where a suit is brought by or against a few individuals as representing a numerous class, that fact must be alleged of record, so as to present to the court the question whether sufficient parties are before it to properly represent the rights of all." [113 U.S. 340, 5 S.Ct. 670.] And in Wolf v. Uhlemann, supra, it is said [325 Ill. 165, 156 N.E. 339]: "The theory upon which the unborn members of a class are bound by representation of other members of the same class is that the interest of the members of the class present in court are such that they are equally certain to bring forward the entire merits of the question so as to give the contingent interests effective protection." See, also,

Rule of Chancery Practice No. 19, 4 Code 1923, p. 913; section 5701, Code.

The bill in the Florence case was filed by the city to enforce a lien for street improvements consisting of grading and building a roadway of crushed stone 'and cement sidewalks and cement curbs and gutters, and it alleged that such improvement is permanent. When so this Court has held in common with courts generally that such a charge is against the whole estate and should be ratably and equitably divided between the life tenant and remaindermen. Troy v. Protestant Episcopal Church, 174 Ala. 380, 56 So. 982, Ann.Cas. 1914B, 815; Note, 83 A.L.R. 793. And no personal judgment may be rendered against the parties. Dothan National Bank v. Hollis, 212 Ala. 628(6), 103 So. 589; Hamrick v. Town of Albertville, 228 Ala. 666 (13), 155 So. 87.

■ The bill therefore was of the sort in which a class may be represented if there is enough to show that they truly represent adverse interests and there are sufficient parties before the court to represent their rights properly. The unknown heirs (or descendants) of J. S. Billups, Tom Clay and Mathew Clay were brought in pursuant to the requirements of sections 6537, 9429, 9515, Code, and a guardian ad litem appointed for those who may be minors, and also one for all of them (see, section 5855, Code), and an administrator ad litem for said estates was appointed.

We think that this record shows that in that suit it was intended to make those brought in represent any which may be thereafter born or otherwise come into the class, and those who were then unknown, and that they were sufficient to represent properly the rights of all. We think they were duly represented and are bound by the decree in that case to the extent that it is not now subject to impeachment by a party to it.

■ It is insisted that the affidavit of non-residence is not sufficient. It purports to be made by complainants' solicitor. This is sufficient. Chancery Rule 22, 4 Code 1923, p. 914; Anthony v. Anthony, 221 Ala. 221, 128 So. 440; Sections 6535, 9431, Code.

We cannot say that the form of the affidavit is so defective as that process under it otherwise sufficient did not confer jurisdiction. See Lambert v. Anderson,

227 Ala. 222, 149 So. 98; Birmingham Realty Co. v. Barron, 150 Ala. 232, 43 So. 346; Anthony v. Anthony, supra.

■ A point is made that the class of unknown persons sought to be brought in is described as the heirs of the three deceased brothers, rather than their descendants. The will describes the devisees as descendants. But heirs include descendants. If they are descendants within the meaning of the will, they are also heirs.

■ The claim is also made that the allegations of want of knowledge as to the names, ages and residences of the descendants or heirs of the three brothers were false in so far as Tempe Darrow and her attorneys were concerned. It makes no such allegation as to the affidavit made by the attorney for the city. But such an attack is for fraud not apparent on the face of the proceedings. It is therefore in the nature of a bill of review and barred in three years by analogy to section 6608, Code, subject to the benefits of section 8966, Code. Nichols v. Dill, 222 Ala. 455, 132 So. 900; Manegold v. Beavan, 189 Ala. 241, 66 So. 448; Gordon's Adm'r v. Ross, 63 Ala. 363.

This is also a full and complete answer to the claims of fraudulent collusion between the city and Mrs. Darrow. That litigation ended in 1921, and this suit was filed April 7, 1937, with no excuse for delay.

■ It is claimed that Mrs. Tempe Darrow could not make default in paying the installments and thereby give occasion for this litigation to strengthen her title in so far as the executory devisees are concerned.

It is argued that under any construction of the will she was due to pay this assessment. That is of course true, if she was the owner of all interests and rights with no remainder. It is insisted that the same result follows if her ownership was a base fee with contingent executory devisees, since there was no one then in being having a vested right on whose interest any portion of the expense of the improvement could be charged or to whom she could look to share presently in the payment of it.

No case is cited which has made declaration of a principle which should apply to such a situation. It is certainly different in some respects from one where there is a life estate with a vested remainder.

She was probably uncertain both as to the nature of her estate and the duty of the several claimants in respect to this improvement. That this doubt was well founded, is illustrated in the fact that the trial court held that she had a life estate, and a majority of this Court held that she had an absolute fee and a minority that she had a base fee followed by executory contingent devises. So that it was necessary to settle the question of ownership to determine the further uncertain question as to the respective obligations of the parties to pay the improvement expense.

Our case of Troy v. Protestant Episcopal Church, supra, had merely held that an assessment of the sort was not all to be paid by the life tenant, but may be equitably divided with the remainderman; but no rule of apportionment was attempted.

This has been held to be affected by the probable life of the improvement in proportion to the relative values of the life estate and remainder interest. And sometimes the interest on the cost of the improvement is charged to the life tenant with the principal charged to the remainderman. 21 Corpus Juris 957; 83 A.L.R. 796.

If the vested interest is uncertain as to duration, that is whether it will turn out to be an absolute or a base fee, or a life estate with a contingent remainder, there is relative uncertainty as to a proper apportionment of the expense.

We are not at all prepared now to say that in event the estate of the owner of the present possessory right is a base fee such as is here contended, the entire cost of the improvement should be charged to her. As we have said, we find no precedent. It may be that the court would charge her with only the current interest on the amount of this cost as held by some courts with respect to life estates, or it may add a proportion of the principal, or require her to pay all installments of principal and interest which mature during her life, or to pay all the principal with a contingent right of contribution due her estate after her death.

The litigation which resulted, and which settled the question of who primarily owed the debt was proper with the city and with the executory devisees then in being and who then would take upon the named

contingency, since they were prospectively interested in the question. It was an actual controversy with the parties to settle a pending uncertain justiciable question. It was adversely, ably and aggressively contested on the point now under consideration. If it furnished an occasion which would not otherwise have existed for her to bring on such a contest, it was an opportune one, and she is not subject to censure for using it properly and fairly.

Moreover, if the facts then did not justify Mrs. Tempe S. Darrow in pursuing that course to obtain a determination of her right and duty in respect to this property and the payment of the assessment in question, that was a matter which should have been litigated in that case. They doubtless came to the conclusion either that there was nothing on which to base such a contention, or else that it would be beneficial to all parties to have a judicial determination once and for all times as to that property. Certainly a court of equity was in the exercise of its proper function in hearing and passing on the case. Its decision therefore foreclosed inquiry into all matters which should have been litigated in it. Such is the nature of the contention we now have under consideration.

But regardless of everything else, and assuming that these complainants are not bound by the result of the decree in Darrow v. Florence, supra, they owed the Richardson Lumber Company the duty to act promptly, knowing that this company had bought this property in 1926, probably in reliance upon the decree in that litigation.

We have given careful consideration to the doctrine of laches in the Ussery case. The facts in that case are not identical with those in this respecting that question. The property in this case was not sold under a decree of the court which had the effect of passing the title subject to be affected by undisclosed collateral matter, as was there considered. But here it was sold by private sale between parties to a suit in which it was determined that the right to sell existed as a matter of law. By virtue of that holding and on the face of the record, the title did pass effectually subject to the collateral right to have that effect altered by circumstances not, apparent in the record or chain of title. The same right and duty to act to clear that situation existed in respect to this property as in the Ussery case. The bill here was filed some six months before the statutory bar was complete. In that case it was only nine days. In respect to both it is apparent on the face of the bill that there was an unreasonable and unjust delay.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.