Battlb, J.
 

 The principles involved in the question which this case presents were fully considered by the court in the cases of
 
 Troy
 
 v.
 
 Troy,
 
 Bus. Eq., 15, and
 
 Watson
 
 v.
 
 Watson,
 
 3 Jones’ Eq., 400. In the former we said “ that a Court of Equity has in this State the power to decree a sale of land held in trust for a
 
 feme covert
 
 and infants, upon the petition of the
 
 feme
 
 and the guardian of the infants,” and that in a proper case a sale would be ordered, and the proceeds directed to be laid out in the purchase of other lands, or perhaps vested in stock and settled upon the same trust. See Rev. Stat., c. 44, s. 26 and 27, Rev. Code, c. 54, s. 32 and 33. The same thing was said in
 
 Watson
 
 v.
 
 Watson,
 
 with regard to the case of a devise to one for life, remainder In fee to infant children in
 
 esse;
 
 but Ave held that if the children Avere not in
 
 esse
 
 the court had no poAver to act, because such children in
 
 posse
 
 could not be represented before it.
 

 The present case differs in its facts from both of those to which Ave have referred, but in principle it accords with the former.
 

 Plere the devise of the testator gives to his Avidow an estate for life in the land in question, Avith remainder in fee to his two daughter’s as tenants in common, Avith cross remainders in the event of either dying without leaving issue in the lifetime of the other; and, upon both dying without
 
 *97
 
 leaving issue, with an executory devise in fee to the heirs of the testator.
 

 All the persons who have any interest in the land, whether vested, contingent or executory, are in
 
 esse,
 
 and are before the court. If they were all of age they could, by uniting in a deed of bargain and sale, convey a good title to the purchaser ; but as some of them are infants, it requires the aid of the Court of Equity to make the assurance good. All the parties who can act for themselves agree that the proposed sale would be an advantageous one, and the Clerk and Master, upon a reference, has reported that the best interests of the infants would be promoted by it. We think, therefore, that the sale ought to be made, and there may be an order for that purpose.
 

 Per Curiax.
 

 Decree accordingly.