# CHARLESTON.

BOAL *et al v.* WOOD *et al.*

Submitted June 3, 1910.    Decided February 20, 1912.

1. DESCENT AND DISTRIBUTION—*Action Against Heirs—Statutes.*

   When an intestate leaves living heirs and an unborn heir of the same class, and the estate is thereby vested in the living heirs subject to the contingency that the unborn heir will come into life and inherit with them, the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of courts to deal with the same, represent the whole estate and stand not only for themselves but also for the person unborn. (p. 385).

2. SAME—*Action Against Heirs—Jurisdiction.*

   Where the court once legally acquires jurisdiction of an unborn heir by representation through living heirs of the same class, its subsequent birth without thereafter being made a direct party to the cause does not divest the court of jurisdiction to decree against it, though to do so is error. (p. 386).

3. EXECUTORS AND ADMINISTRATORS—*Sales Under Order of Court—Parties.*

   Decrees supporting a judicial sale, in a suit brought by an administrator to subject the decedent's lands to the payment of his debts, to which suit the widow and living heirs were parties, are not void for want of jurisdiction as to one who, when the administrator's suit was instituted, was an unborn heir of the decedent, of the same class as the living heirs who were parties to the suit, notwithstanding he was never made a direct party to the suit after coming into life. (p. 384).

Appeal from Circuit Court, Logan County.

Suit by Ella M. Boal and another against Stuart Wood and others. From an order dismissing the bill on demurrer, plaintiffs appeal.

*Affirmed.*

*Lilly & Shrewsbury, Chafin & Bland,* and *Cox & Baker,* for appellants.

*Campbell, Brown & Davis,* for appellees.

ROBINSON, JUDGE:

The suit is one for partition. Plaintiff claims a one-tenth interest in the lands of which her father, Levi Vance, died seized and possessed. These lands were sold in a suit brought by the administrator of Vance to subject them to the payment of his debts. Defendants hold under purchasers at judicial sales made in that cause.

Vance died intestate in the year 1887. He left a widow, nine living children, and an unborn child. That unborn child is now the plaintiff here. She was born within ten months after her father's death. Prior to her birth, the suit to sell the lands had been instituted by the administrator. It had proceeded to a decree of sale as to a part of the lands. As is usual in such cases, that suit had been instituted within six months after the qualification of the administrator. The widow and the nine living children were parties defendant thereto. But plaintiff, not being yet in life, was not named as a party. Nor was she ever brought in by process after she was born. The suit, after her birth, proceeded to a sale under the decree which had theretofore been entered and to a confirmation of that sale. A subsequent decree of sale, as to the lands not embraced in the former one, was entered, and a sale made under that subsequent decree was confirmed.

Plaintiff contends that the judicial sales are void as to her— that the suit in which they were made did not divest her of title to the lands. She says the court had no jurisdiction in the premises since she was never made a formal party to the suit. Her bill asserting this claim was dismissed on demurrer, and she has appealed.

If, as plaintiff submits, the court had no jurisdiction as to her in the administrator's suit, then it is true that she did not lose title by the proceedings therein. Her suit is a collateral attack. She does not come within six months after reaching twenty-one years of age to show error in the proceedings. She comes, after that oportunity has passed, alleging absolute want of jurisdiction.

There is no allegation in the bill that plaintiff's rights were not fairly defended by those present as parties—her mother, brother and sisters—having interests identical with hers. Indeed, it appears there was full opportunity for defense against the subjection of the lands to the decedent's debts by those who had motives of interest for themselves and affection for the plaintiff to make that defense. The administrator prosecuting the suit was plaintiff's brother—himself an owner of the lands and a defendant in his own right. It is not to be assumed, nor is anything alleged to make it appear, that the lands were needlessly or injudiciously subjected to sale. Though plaintiff had an interest in the lands, she took that interest subject to the debts of the ancestor from whom she inherited. Those debts were a paramount charge on the lands. It must be presumed that those interested with plaintiff were careful to preserve the joint estate as far as could be done under the cricumstances surrounding that estate. The case presents merely the question whether plaintiff's interest was illegally sold—whether it was sold without jurisdiction in the court to order a sale and to consummate one when made.

We have noticed that plaintiff, though legally in being as an unborn child, was not in life at the time the suit was instituted. It was impossible to make her a formal party thereto. It was not then known that plaintiff would be born alive and take the inheritance which she should have in the event that she came into life. Conditions of the estate demanded that the suit proceed. The necessity of the case demanded that it proceed without her as a formal party. The law provided a way for the court to take jurisdiction notwithstanding the situation. The law provided a way for the court to take hold of the interest of this unborn child and to deal therewith in judicial proceedings affecting it. Though that child might thereafter come into life

and an interest in the lands devolve on it as of the time of the death of its father, still the court could take jurisdiction in relation to it even before its birth. The court's power to do so, arose out of the very necessity of things. "The rule in regard to parties is a rule of convenience, and the court will never allow it to be so applied as to do an injury, to obstruct the administration of justice." *Faulkner* v. *Davis,* 18 Grat. 693. The living owners of the estate were the only ones that could be made actual parties to the suit. But this unborn child was so virtually made a party through them that jurisdiction attached as to it also. It was a party by representation. "Where an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto, and affecting the jurisdiction of courts to deal with the same, represent the whole estate, and stand not only for themselves, but also for the persons unborn. This is a rule of convenience and almost of necessity." *Kent* v. *Church of St. Michael,* 136 N. Y. 10. "Where the legal title to an estate is vested in a class subject merely to open and let in afterborn children, the members of the class in being at any given time represent not only themselves but also the persons not born, in any litigation with reference to the estate." 15 Enc. Pl. & Pr. 650. "Whenever the court of chancery has power to decree the conversion of real estate into personal, it may do so notwithstanding the contingent interests of some of the parties who are not yet in being, or not ascertained, provided all the parties are brought before the court that can be brought before it, and especially where the rights of the non-existent, or as yet unascertained, parties will be represented and sufficiently defended by the persons who are made parties, and who have motives of self-interest and affection to make such defense. And this is styled the doctrine of representation of parties." 2 Minors Inst. (4th ed.) 238. "Under the laws of Virginia, parties in being, possessing an estate of inheritance in property, are regarded as so far representing all persons, who, being afterwards born, may have interests therein, that a decree for the sale thereof binding them will also bind the latter party." *Knotts* v. *Stearns,* 91 U. S. 638.

The court acquired jurisdiction to hear and to determine the

rights of this unborn infant. It acquired that jurisdiction by
making the living owners of the same class with the unborn
owner parties to the suit. Having thus acquired jurisdiction of
the party, the court possessed the power to proceed to the final
disposition of the suit. Black on Judgments, sec. 243. True,
when the infant came into life, it should have been made a party
in person. Not to do so was error, just as it is error not to re-
vive a suit against the heirs or legal representatives when a party
dies. But the failure to do so could not divest the court of the
jurisdiction it had lawfully acquired. "The test of jurisdiction
is whether the tribunal has power *to enter upon the inquiry,* and
not whether its conclusions in the course of it were right or
wrong." Van Fleet on Collateral Attack, sec. 61. "When once
the jurisdiction of the court has attached, no subsequent error
or irregularity in the exercise of that jurisdiction can make its
judgment void." 1 Black on Judgments, sec. 204. The juris-
diction by representation continued for a longer time than neces-
sity demanded, but it continued nevertheless. To allow it so
to continue was error which would call for a reversal. But mere
error cannot avail plaintiff in this suit. The court legally ac-
quired jurisdiction over her which it later erroneously employed;
but it never lost the jurisdiction which it lawfully acquired be-
fore she was born. It had the power to proceed to final judg-
ment though it proceeded thereto erroneously by a failure to
make her a personal party to the suit when she came into life.
This principle is well illustrated in a Virginia case, from which
we quote: "The authority to decide being once shown, it can
never be divested by being improperly or erroneously employed.
Freeman on Judgments, sec. 135; *Cox* v. *Thomas' Adm'x.,*
9 Grat. 312. If, for example, a suit be commenced against a
*feme sole,* it does not abate by her subsequent marriage, but it
may proceed against husband and wife jointly. If the plaintiffs,
however, without noticing the marriage take judgment against
the *feme,* the judgment is not thereby rendered void, but is
regarded as valid and binding until and unless reversed by some
direct proceeding in that court. In a number of cases this doc-
trine has been carried to the extent of holding that when process
is served in the lifetime of the defendant and he afterwards dies,
a judgment against him subsequent to his death is not absolutely

void, but simply voidable. The court having obtained jurisdiction over the defendant whilst living, is thereby empowered to proceed with the case to judgment; and although the court ought to cease to exercise jurisdiction over the party when he dies, its falure to do so is an error to be corrected on appeal, or writ of error *coram nobis,* as the case may be." *Neale* v. *Utz,* 75 Va. 480. See also, *King* v. *Burdett,* 28 W. Va. 601; *Watt* v. *Brookover,* 35 W. Va. 323; Black on Judgments, sec. 200.

In the case under consideration, necessity made the court to take jurisdiction of the unborn infant by representation; the court then had power to go on by representation to the end, though to do so was erroneous. Just as the court may erroneously go on after the death of a party as to whom jurisdiction has attached while living, so it may proceed after the birth of a party as to whom jurisdiction theretofore attached while unborn. The court having legally acquired jurisdiction over the infant whilst unborn, that court was empowered to proceed to judgment. The change from an unborn child to one in the arms of the mother could not divest the court of jurisdiction over it. It was the same person. It had already been constructively brought before the court by the bringing in of those of the same class who in law represented it. A change in the status of a party does not call for a new summons to enable a court to keep the jurisdiction it has once acquired. If it were so, jurisdiction would readily be lost; a party could voluntarily divest the court of jurisdiction. Surely constructive service by publication as to a non-resident continues to give the court jurisdiction notwithstanding the party afterwards becomes a resident of the state and is not personally served. So constructive service by representation as to one an unborn infant continues to give the court jurisdiction though the infant is afterwards born alive. "The jurisdiction of a court depends upon the state of affairs existing at the time it is invoked, and if the jurisdiction once attaches to the person and subject-matter of the litigation, the subsequent happening of events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance, will not operate to oust the jurisdiction already attached. This is the

statement of the rule that subsequent events will never defeat jurisdiction already acquired." 12 Enc. Pl. & Pr. 171.

Plaintiff was before the court in the suit of which she complains. She was there by representation which the law deems sufficient to give the court jurisdiction as to her. She cannot collaterally attack the decrees. If the suit had been brought after her birth, the case would be entirely different. The demurrer was rightly sustained. We must affirm the order.

*Affirmed.*