HATTIE DEAN BLOCKER, a widow, et al., *Appellants,* vs. NINA M. BLOCKER, a widow, *Appellee.*

137 So. 249.

En Banc.

Opinion filed October 27, 1931.

*J. U. Bethell* and *Thos. A. Cunniff,* for Appellants;

*John C. Blocker, Jr.,* for Appellee.

DAVIS, Commissioner:—The complainant in the court below (appellee here) filed her bill of complaint for the partition of certain real estate that belonged to her late husband, John C. Blocker.

She claimed an interest therein under the last will and testament of the deceased, except as to the homestead, and as to the homestead she elected to take a child's part in lieu of dower. Testator was also survived by his son, John C. Blocker, Jr., a daughter, Marguerite Blocker Holmes, and three grandchildren, namely, Samuel T. Johnson, son of Marguerite Blocker Holmes, and Marguerite Ann Blocker and Sallie Mae Blocker, children of John C. Blocker, Jr., and it is alleged that the ages of the grandchildren are ten years, two years, and one year, respectively.

Testator by his will provided for the payment of his debts and funeral expenses, and after deducting the same from his property he bequeathed and devised

(a) One-third of the remaining property to his widow, the complainant, her heirs and assigns forever,

(b) a life estate in one-third of the remaining property to his grandson, Samuel T. Johnson, with remainder to such child or children of said Samuel T. Johnson surviving him, and if not survived by a child or children, then to a non-sectarian orphanage of the State of Florida to be designated by the Governor,

(c) One-half the remaining property to John C. Blocker, Jr., for life, with remainder to such child or children of said John C. Blocker, Jr., as survive him, and if he should not be survived by a child or children then to a non-sectarian orphanage of the State of Florida to be designated by the Governor,

(d) the remainder of the residue of his property to Marguerite Blocker Holmes for life, with remainder to

such child or children of the said Marguerite Blocker Holmes as may survive her, and in the event of none, then to any non-sectarian orphanage, of the State of Florida to be designated by the Governor.

There were certain bequests and other provisions of the will not necessary to mention here.

The pleadings and proofs disclose that John C. Blocker, Jr., conveyed his life estate consisting of an undivided one-third of two-thirds of a certain lot of land that belonged to the estate of John C. Blocker, Sr., to one William Ward Hill, and that on the same day, John C. Blocker, Jr., and his wife, and Marguerite Blocker Holmes and her husband conveyed the said lot in fee simple to the said William Ward Hill.

The last named deed recited that John C. Blocker, Sr., died testate, leaving as his sole heirs, John C. Blocker, Jr., and Marguerite Blocker Holmes; that he devised to John C. Blocker, Jr., for life an undivided one-third of two-thirds interest in the property particularly described therein; that the will created a contingent estate in remainder to the said property and that the reversion in fee did not pass by or through or under the said will but became vested in the said John C. Blocker, Jr., and Marguerite Blocker Holmes; that John C. Blocker, Jr., had on that day conveyed his life estate in the property and that the purpose of the deed was to convey the reversion in fee, whether the said John C. Blocker, Jr., and Marguerite Blocker Holmes were seized of the same as heirs at law of testator or otherwise, jointly and/or severally so that the life estate in the said John C. Blocker, Jr., might be merged in the reversion and the contingent remainders created in the property be destroyed and that the fee simple title become vested at once in the said William Ward Hill. On the day following the day when the deed to him was executed, the said William Ward Hill executed a deed purporting to convey to John C. Blocker, Jr., in fee sim-

ple an undivided one-third of two-thirds interest in said lot. No question of fraud seems to have been raised.

It is agreed by the appellant, John C. Blocker, and the guardians ad litem, that there are but two questions of law involved on this appeal, and they are stated as follows:

1. Has the Court jurisdiction to decree partition of lands and bind or preclude the interest of after born contingent remaindermen, who are at the time of partition, unknown and cannot be ascertained at the time of partition? (Granted that the Court has jurisdiction of all living persons having an interest in and to the lands sought to be partitioned).

2. Does a conveyance by a life tenant of his life estate to H. and a conveyance by the owners of the reversioners in fee to H. for the purpose of merging the two estates into a fee simple estate in H., operate in Florida?''

Here, where the residuary devisee only took a life estate limited in contingency with the inheritance undisposed of by the will, the estate in fee simple of an undivided one-third of two-thirds of land in question, was limited by way of contingent remainder after the life estate of John C. Blocker, Jr., and the fee descended to Marguerite Blocker Holmes and John C. Blocker, Jr., the heirs of testator, with the inheritance remaining in them until the happening of the contingency that would take it out of them. Arnold vs. Wells, .. Fla. . , 131 So. 400.

Under Sec. 4996 (3204) Compiled General Laws, 1927, a bill may be filed by any one or more of several joint tenants, tenants in common or coparcenors, against their co-tenants, coparcenors or others interested in the lands to be divided, and in Sec. 4998 (3205) Compiled General Laws, 1927, it is provided as follows:

"When the rights and interests or proportions of the complainants are clearly established to the satisfaction of the court, or are undisputed, the court may, by decree, order partition to be made, and the shares, proportions or interests of the complainant or complainants,

and such of the defendants as have established and satisfactorily proved their respective shares, interests or proportions, to be set off and allotted to them, leaving for future adjustment (by further proceedings in the same cause) the rights, shares and interests of the other defendants.''

Section 5000 (3208) Compiled General Laws, 1927, makes provision for the sale of non-divisible real estate.

It is argued here by appellants that a decree is binding only upon those who are parties to the controversy in which it was rendered, and that it follows that the court was without power to enter a decree in the instant case until it can be ascertained who will receive the estate in remainder. Unquestionably, the rule invoked by appellants is one that is generally recognized, but it is also held that it

"does not inexorably apply to a case where at the time of the adjudication persons are not in esse who may be affected thereby. If an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto, represent the whole estate and stand, not only for themselves, but also for the persons unborn, and a judgment entered in such litigation binds their interest, if it provides for and protects them, and also if the court determines that they have no interest to be protected. This principle is recognized by courts of equity as an exception to the general rule that all persons interested in the subject matter of the litigation, whether legally or equitably interested, should be made parties, so that the courts may settle all of their rights at once, and so avoid a multiplicity of suits. In a suit in equity for partition, against trustees for an account, for the conversion of the realty into personalty, or any other proceeding whereby the jurisdiction of a court of equity may be invoked to dispose of real estate the title to which is embarrassed by contingent remainders awaiting unborn remaindermen, a decree may be rendered in a proper case, which will be binding upon the unborn persons in remainder. The doctrine of representation applies for reasons not only of convenience and justice,

but of necessity also, because it is impossible to make them personally parties. Necessity is recognized as an all sufficient reason for it wherever such necessity exists.'' 23 R. C. L. 583-4. See also, Ridley vs. Halliday, 106 Tenn. 607, 61 S. W. 1025, 82 A. S. R. 902, 53 L. R. A. 477.

In 23 R. C. L. p. 584, it is said further:

''Where there is a remainder to a class and there are remaindermen of the class in being who are made parties to a cause affecting the property, the decree rendered therein will bind all others who subsequently come into the class. This result follows from the doctrine of representation, it being assumed that the living representative will look after the interests of the entire class, by bringing to the attention of the court the merits of the controversy so far as they affect the class. It is not, however, always necessary that the class be represented by a living member.''

In the case before us the living children of John C. Blocker, Jr., were made parties to the litigation and they by a guardian *ad litem* duly appointed by the court filed an answer and were heard in the cause. The decree of the court will in consequence thereof bind all children of John C. Blocker, Jr., not then in being. There is nothing in our statute relating to the partition of property in conflict with the above. In authorizing ''joint tenants, tenants in common or coparcernors'' to file a bill against ''their cotenants, coparcernors or others interested in the lands to be divided'', we cannot ascribe to the legislature the intention of permitting the starting of litigation that could not proceed to a decree because of contingent interests in persons not in being. Indeed the language used indicates to us that the contrary was intended. Where all interested parties are before the court public policy demands that cases of this character be completely and finally disposed of, notwithstanding there may be interests that should go to possible parties, not in esse. In this connection, we quote with approval and apply to this case, the following language of the annotator as used in 8 L. R. A. (NS) 62:

'to assert that a court has not the power, by its decrees, to convey away the fee, and to alienate the contingent titles of unborn remaindermen, who, from the nature of things, cannot be made parties or be represented in the proceedings before the court, would be to assert a doctrine that would render conditional limitations and contingent remainders an intolerable evil to a growing and prosperous community. Thus to shackle estates without the power of relief, unless every person having a contingent and possible interest could be brought before the court, would be to sacrifice the rights and interests of the present generation to those of posterity. If the whole property of the country were thus situated, it is obvious that all improvement and advance would be completely checked.'' See also, Bofil v. Fisher, 3 Rich. Eq. 1, 55 Am. Dec. 627; Hale v. Hale, 146 Ill. 227, 20 L. R. A. 247, 33 N. E. 858; Boal vs. Wood, 70 W. Va. 383, 73 S. E. 978, 42 L. R. A. (NS) 439, Harrison vs. Walton, 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703, 64 A. S. R. 830; Mathews vs. Leitner, 85 Minn. 333, 89 A. S. R. 558, 88 N. W. 992; Kent vs. Church, of St. Michael, 136 N. Y. 10, 18 L. R. A. 331, 32 A. S. R. 693, 32 N. E. 704; 24 Am. & Eng. Enc. Law, 2nd. Ed. 759; Litcher vs. Allen, (Ala) 60 So. 828.

Here every precaution was used to bring in by process of the court all interested persons, unknown as well as known.

It is our judgment that a court of equity may in proper cases decree partition of lands and preclude afterborn contingent remaindermen from asserting an interest therein.

It is also contended by appellants that if the conveyance by John C. Blocker, Jr., of his life estate to Hill, and the conveyance of the fee by Mrs. Holmes and husband and John C. Blocker, Jr., and wife to Hill is permitted to destroy the contingent remainders supported by the life estate of John C. Blocker, Jr., the intention of the testator as to who should enjoy his bounty and the manner of such enjoyment will be defeated, and it is stated on their behalf that ''all of the courts are unanimous in holding that it is the intention of the testator that governs''. Such a con-

clusion is not sustained by the decisions of this Court. We have held repeatedly that, in the construction of a will, the intention of the testator as therein expressed shall prevail over all other considerations, if *consistent with the principles of law*. Arnold vs. Wells, .. Fla. .., 131 So. 400; Roberts vs. Moseley, .. Fla. .., 129 So. 835; Van Roy vs. Hoover, 96 Fla. 194, 117 So. 887; Brown vs. Harris, 90 Fla. 540, 106 So. 412; Cole vs. Cole, 88 Fla. 347, 103 So. 78; Rewis vs. Rewis, 79 Fla. 347, 84 So. 93; Dean vs. Crews, 77 Fla. 319, 81 So. 479; Floyd vs. Smith, 59 Fla. 485, 51 So. 537, 37 L. R. A. (NS) 651, 138 A. S. R. 133, 21 Ann. Cas. 318.

It is a rule of the common law that ''contingent remainders may be defeated, by destroying or determining the particular estate upon which they depend, before the contingency happens whereby they become vested''. 2 Blackstone Com. 171; 24 Am. & Eng. Enc. Law, 2nd Ed. 410.

The common law is in force in this state except where it is modified by competent governmental authority. Sec. 87 (71) Compiled Gen. Laws of Florida, 1927; Warren vs. Warren, 66 Fla. 138, 63 So. 726; English vs. English, 66 Fla. 427, 63 So. 822; Ingram-Dekle Lbr. Co., vs. Geiger, 71 Fla. 390, 71 So. 552; Marsicano vs. Marsicano, 79 Fla. 278, 84 So. 156; Nolan vs. Moore, 81 Fla. 594, 88 So. 601; Meeks vs. Johnson, 85 Fla. 248, 95 So. 670; Cummer Lumber Co., vs. Silas, 98 Fla. 1158, 125 So. 372.

In Florida we have no statute, as have some of the states, that has the effect of dispensing with the necessity of a particular estate to support a contingent remainder.

Contingent remainders are destroyed, where the particular estates merges in the inheritance either by the act of the particular tenant or by descent to him of the inheritance after the particular estate has taken effect. 24 Am. & Eng. Enc. Law, 2nd E... 413; 21 C.J. 1006; 23 R. C. L. 562; Craig v. Warner, 5 Mock 460, 60 A. R. 381, McCreary vs. Coggeshall, 74 S. C. 42, 538, E. 978, 7 L. R. A. (NS) 433

and note; Love vs. Lindstedt, 76 Or. 66, 147 Pac. 935, Am. Cas. 1917 A. 898, and note; Cole vs. Cole, 292 Ill. 154, 126 N. E. 752, 38 A. L. R. 719; Smith vs. Chester, 272 Ill. 428, 112 N. E. 325, Am. Cas. 1917 A. 925; Friedman vs. Friedman, N. Y. 119 N. E. 321; 3 Thompson R. P. Sec. 2157.

A merger takes place when a greater estate and a less "meet in one and the same person, in one and the same right, without any intermediate estate, the lesser estate being thereby merged in the greater. The lesser estate is annihilated or merged in the greater." Jackson vs. Relf, 26 Fla. 465, 8 So. 184; Seaboard Air Line Ry. Co. vs. Board of Bond Trustees, etc., 91 Fla. 612, 108 So. 689, 46 A. L. R. 870.

The case of Scott et al. v. Fairlie et al., 81 Fla. 438, 89 So. 128, 88 Fla. 229, 102 So. 247, cannot be applied to the facts of this case. There was no question of merger of estates involved in that case.

It follows therefore that when the life estate of John C. Blocker, Jr., and the fee which was in Marguerite Blocker Holmes and John C. Blocker, Jr., were conveyed to and met in William Ward Hill, the life estate merged in the fee and the contingent remainders which theretofore had been supported by the said life estate were destroyed in spite of testator's intention as expressed in the will.

The decree of the lower court is affirmed.

PER CURIAM.—The record of this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Ex. Sess.) adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the decree of the court below be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.