WILLIAM EDWARD TANKERSLEY v. MATTIE V. DAVIS, *et al.,*

175 So. 501.
Opinion Filed March 24, 1937.
Petition For Rehearing Denied June 30, 1937.

508

*John Justice,* for Appellant;

*N. G. & John Fite Robertson,* for Appellee.

BUFORD, J.—In this case appeal is from final decree in a suit the purpose of which was to procure judicial interpretation and construction of the terms of a deed.

On March 14, 1924, J. C. Bishop, then a widower, owned in fee simple the lands involved and on that date he made a deed of conveyance of a part of said land to Mrs. Bonnie Tankersley. The *habendum* clause of that deed was as follows:

"To HAVE AND TO HOLD with all the rights, privileges and appurtenances thereunto belonging to the said party of the second part, for and during the term of her natural life and thereafter to any child or children she may leave

surviving her in fee, and in the event that any child or children she may have had, born unto her shall have predeceased her, then the child or children of any dead child or children shall represent and take such interest and estate as his, her or their parent or parents would have taken had he or she survived the party of the second part, and in the event that that party of the second part shall leave no child or children nor the representative of such, surviving her, then to Mrs. Mattie V. Davis, wife of A. C. Davis, if she be living, for the term of her natural life and then to any child or children which the said Mrs. Mattie V. Davis, may have left surviving her, in fee, and in the event of any child or children she may have had born unto her shall have predeceased her, then the child or children of any dead child or children shall represent and take such interest and estate as his, her or their parent or parents would have taken had he or she survived the said Mrs. Mattie V. Davis, and in the event that the said Mrs. Mattie ·V. Davis shall die leaving no child or children nor the representative of such surviving her, then to her heirs in fee."

On the same date he made a deed of conveyance of the remainder of the lands to Mrs. Mattie V. Davis, the *habendum* clause of that deed being as follows:

"To HAVE AND TO HOLD with all the rights, privileges and *appurtenances* thereunto belonging to the said party of the second part, for and during the term of her natural life and thereafter to any child or children she may leave surviving her in fee, and in the event that any child or children she may have had born unto her shall have pre-deceased her, then the child or children of any dead child or children shall represent and take such interest and estate as his, her or their parents would have taken had he or she survived the party of the second part, and in the event that the said party of the second part shall leave no child or children

nor the representative of such, surviving her, then to Mrs. Bonnie K. Tankersley, wife of Dr. J. W. Tankersley, if she be living, for the term of her natural life, and then to any child or children which the said Mrs. Bonnie K. Tankersley may have left surviving her, in fee, and in the event of any child or children she may have had born unto her shall have pre-deceased her, then the child or children of any dead child or children shall represent and take such interest and estate as his, her or their parent or parents would have taken had he or she survived the said Mrs. Bonnie K. Tankersley and in the event that the said Mrs. Bonnie K. Tankersley shall die leaving no child or children nor the representative of such surviving her, then to her heirs in fee."

At the time of making these conveyances Mrs. Tankersley and Mrs. Davis were the only children of J. C. Bishop.

After the execution of these deeds J. C. Bishop died, leaving surviving him his two daughters, Mrs. Tankersley and her husband adopted William Edward Tankersley, who was the nephew of Bonnie K. Tankersley's husband. Then on April 14, 1927, Mrs. Tankersley died leaving no children born to her body. Mrs. Mattie Bishop Davis survived and then was the mother of one daughter, Virginia Bishop Davis. Both Mrs. Mattie Bishop and Virginia Bishop Davis are now living.

The Chancellor was confronted with two questions. The first question was whether or not William Edward Tankersley, an adopted son, was entitled to take under the terms of the deeds at the death of Mrs. Tankersley. The adoption of William Edward Tankersley occurred in North Carolina and he has never been a resident of, or domiciled in, the State of Florida. It, therefore, follows that the adopted child did not take under the deeds. We construe the deeds, as did the Chancellor, to limit the remainder estate to chil-

dren of the body of the grantees, respectively, but, aside from this, the child adopted by Mrs. Tankersley in another State and who never acquired domicile in this State would not inherit from Mrs. Tankersley under the laws of the State of Florida. Section 3624 R. G. S., 5488 C. G. L., also Mott v. First National Bank, 98 Fla. 444, 124 Sou. 36.

The next question is whether or not under the facts above stated the fee simple title to all of the lands is now vested in Mattie Bishop Davis under application of the rule in Shelley's Case which is in force in this State. See Arnold v. Wells, 100 Fla. 1474, 131 Sou. 400. In that case we said: "Where a remainder of inheritance is limited in contingency by way of use or by devise the inheritance in the meantime if not otherwise disposed of, remains in the grantor and his heirs, or in the heirs *of the testator,* until the contingency happens to take it out of them." So it is that the remainder of inheritance reposed in J. C. Bishop until his death and then reposed in his heirs until the contingency should happen to take it out. But there is another rule which intervenes here and that is that contingent remainders may be defeated by destroying or determining the particular estate upon which they depend before the contingence happens whereby they become vested and contingent remainders are destroyed where the particular estate merges into the inheritance either by the act of the particular tenant or by descent to him of the inheritance after the particular estate has taken effect. Blocker v. Blocker, 103 Fla. 285, 137 Sou. 249.

So, when J. C. Bishop died with the estate of inheritance reposing in him that estate descended to his heirs, his two daughters above named. The fee of the lands then reposed in the grantor's heirs, being his two daughters, subject to the limitations and remainders stated in the conveyances. When one daughter, Mrs. Tankersley, died, leaving a hus-

band but no children or grandchildren, the fee in both parcels of land reposed, subject to the remainders and limitations, in the other daughter, Mrs. Davis, she then being the sole heir of the father; the husband of the deceased daughter, Mrs. Tankersley, not being *an heir of his deceased wife's father,* the grantor in the deeds of conveyance. See Arnold v. Wells, 100 Fla. 1485, 131 So. 400; Blocker v. Blocker, 103 Fla. 285, 137 So. 249.

Each conveyance was of separate land to each of the grantor's two daughters, Mrs. Tankersley and Mrs. Davis, *respectively,* "for and during the term of her natural life and thereafter to any child or children (or their children) she may leave surviving her in fee, * * * and in the event that" she "shall leave no child or children nor the representative of such surviving her," then to the grantor's other daughter, if she be living, for the term of her natural life, and then to any child or children (or their children) which she may have left surviving her in fee * * * and in the event" the grantor's said other daughter "shall die leaving no child or children nor the representative of such surviving her, then to her heirs in fee."

When Mrs. T. died leaving no children or grandchildren Mrs. D. took a life estate in the parcel in which Mrs. T. was granted a life estate. Mrs. D. then had a life estate in both parcels of land. She now has a daughter living. By the terms of the conveyance, at the death of Mrs. D. both parcels go "to any child or children (or their children) she may leave surviving her in fee, * * * and in the event that" Mrs. D. "shall die leaving no child or children, nor the representatives of such surviving her, then to her heirs in fee."

The remainders or limitations are to the "child or children" or to their children, and not to the "heirs" or the "heirs of the body" of the life tenants respectively, which

would render the Rule in Shelley's Case inapplicable in any event, were it not for the final limitation to Mrs. D's "heirs in fee."

The Rule in Shelley's Case is stated as follows: "Whenever an ancestor, by any will, gift or conveyance, takes an estate of *freehold* in lands or tenements, and in the *same* will, gift or conveyance an estate is afterwards limited by way of *remainder* either *mediately or immediately,* to his *heirs* or *the heirs of his body,* the words 'heirs' or 'heirs of his body' are *words of limitation,* carrying the *inheritance to the ancestor,* and *not words of purchase,* creating a contingent remainder in the heirs." Minor on Real Property, vol. 1, ch. 27, sec. 753. "It is essential to the operation of the rule in Shelley's Case that the 'heirs', 'heirs of the body', etc., to whom the future limitation is made shall mean, not particular designated living persons, nor even one or two or more *future generations* of successors, but that *indefinite line of successors through the ages,* which is necessary in law in order to make the words *words of limitation,* and which is meant when we say that *we* are the heirs of the body of descendants of Adam, the idea of which, in Biblical language, is conveyed by such phrases as 'the children of Israel,' 'the seed of Abraham,' etc." Minor on Real Property, vol. 1, ch. 27, sec. 758. "A merger takes place when a greater estate and a less meet in one and the same person, in one and the same right, *without any intermediate estate,* the lesser estate being thereby merged in the greater." Blocker v. Blocker, 103 Fla. 285, 137 So. 249.

The words "child or children of the body" are not equivalent to the words "heirs or heirs of the body."

The intervening limitations between the first life estates and the final limitation to the "heirs in fee" of the surviving daughter after the death of such surviving daughter of

the grantor, leaving no child or grandchild, prevent a merger until the intermediate estates are satisfied. The final limitation to the "heirs in fee" of the surviving daughter life tenant unites with the life estate of such surviving daughter *sub-modo,* opening, if necessary, to let in the intervening estates. 2 Minor's Institutes, 405; 11 Coke 80 (a).

Mrs. Davis, as the sole heir at law of her father, the grantor in the conveyance, now has the fee title to, and a life estate in, both parcels of land; but such fee title is subject to others' intervening rights under the conveyances. The parcel in which Mrs. Davis first had a life estate goes, under the conveyance, at her death to her living daughter in fee if she survives her mother and there are then no other children or grandchildren of the mother to share in such estate; otherwise, the heirs of Mrs. Davis have the property in fee if she leaves no children or grandchildren.

The fee simple title to the parcel in which Mrs. Tankersley had a life estate is now in Mrs. Davis as the sole heir at law of her father, J. C. Bishop, subject to the limitations contained in the conveyance as to the rights of Mrs. Davis' daughter and other children and her grandchildren, if any, with a life estate therein to Mrs. Davis and a limitation to her heirs if her daughter or other children or grandchildren do not survive her.

Mrs. Davis, therefore, has a life estate in and a fee simple title to both parcels subject to be cut off by the intervening estate given to her children and grandchildren if she dies leaving any living child or grandchild.

It, therefore, follows that Mrs. Davis, joined by her husband, may convey a good legal title to a life estate in both parcels of land, and may convey fee simple title to both parcels of land subject to the intermediate contingent remainder which contingent remainder may be conveyed by

Virginia Bishop Davis when she, or her guardian, is thereunto lawfully authorized, subject to the contingency that Mrs. Davis may die leaving a child or grandchild other than Virginia; or the contingent remainder as to both parcels of land may also be defeated by the death of Virginia without issue prior to the death of Mrs. Davis.

Therefore, the decree of the Chancellor must be reversed and the cause remanded with directions that the Chancellor enter a decree not inconsistent with the views herein expressed.

So ordered.

ELLIS, C. J., and WHITFIELD and DAVIS, J. J., concur. BROWN, J., dissents.

BROWN, J. (dissenting).—It seems to me that when the fee and the life estate both become vested in Mrs. Davis, this merger of the complete title in Mrs. Davis, under the rule laid down in the Blocker case, destroyed the contingent remainder, as the life estate which supported it had merged in the fee.

## ON PETITION FOR REHEARING.

BUFORD, J.—Petition for rehearing is before us. The petition is based upon the apprehension that the opinion in this case in effect overrules what was said in Blocker v. Blocker, 103 Fla. 285, 137 So. 249.

The opinion filed in this case is in harmony with that in the case of Blocker v. Blocker. The cases, however, are to be differentiated because of existing facts.

In the Blocker case the life tenant conveyed his life interest in a certain lot to a third person and the heirs of the testator conveyed to the same third person the reversion in fee. It was held that by the act of the parties in making the conveyance there was a merger so as to exclude the intermediate contingent estate. See: Bennett v. Morris,

5 Rawle 9; Eggerton, *et ux,* v. Massey, 3 E. C. L. 337, 21 C. J. 1006, 1036, 23 R. C. L. 564, 565.

In the Blocker case the suit was for partition of lands and the minors who represented the intermediate contingent estate in fee were made *defendants* to determine their existing rights, if any, in real estate that *had been conveyed* to a third party by the life tenant and the reversioners.

In this case the suit is for a declaratory decree under the statute, Section 4953-4 C. G. L., which does not cover the case in hand; and the minor representatve of the intermediate contingent estate in fee is made a party *plaintiff.* The life tenant and reversioner has made no conveyance of her two interests to a third party so as to create mergers to destroy the intermediate contingent estates. Without an elimination of the intermediate contingent estates there are no mergers, since all the estates in the lands flow from the original conveyance made by J. C. Bishop to each of his two daughters for life with contingent remainders.

The conveyance by J. C. Bishop, now deceased, of Lot 5, Block 5, in the Plat of Sarasota, is *in effect* to his daughter, Mrs. Mattie V. Davis, for life, then to any living children or grandchildren of Mrs. Davis at her death, in fee; and if Mrs. Davis shall leave no children or grandchildren surviving her, then to Mrs. Bonnie K. Tankersley, daughter of the grantor, for life; and then to the surviving children and grandchildren of Mrs. Tankersley, in fee; and if Mrs. Tankersley shall die leaving no children or grandchildren surviving her then to her "heirs in fee."

Mrs. Tankersley having died leaving no children or grandchildren surviving her, the entire right of reversion in Lot 5, Block 5, is now in Mrs. Davis under the law, as the sole heir of the deceased grantor, J. C. Bishop. Thus Mrs. Davis has a life estate and the reversion in Lot 5, Block 5, subject to the intermediate contingent estate in fee of any

children or grandchildren of Mrs. Davis, who may survive her. Such intermediate estate may be destroyed by a conveyance of the life estate and the reversion to the same person thereby causing a merger destroying the intermediate contingent estate.

The conveyance by J. C. Bishop, now deceased, of Lot 14, Block 7, in the Plat of Sarasota, is *in effect* to his daughter, Mrs. Bonnie K. Tankersley, for life, then to any living children or grandchildren of Mrs. Tankersley in fee; and if Mrs. Tankersley shall leave no children or grandchildren surviving her, then to Mrs. Mattie V. Davis, daughter of the grantor, for life; and then to her children and grandchildren, in fee; and if Mrs. Davis shall die leaving no children or grandchildren surviving her, then to her "heirs in fee."

Mrs. Tankersley having died leaving no children or grandchildren surviving her, Lot 14, Block 7, goes under the deed to the daughter of the grantor, Mrs. Davis, for life, and then to her children or grandchildren, if any surviving, in fee; and if Mrs. Davis shall die leaving no children or grandchildren, then to Mrs. Davis' "heirs in fee."

This does not give Mrs. Davis a fee simple title to Lot 14, Block 7, under the Rule in Shelley's case, to the exclusion of the intermediate contingent estate to her children or grandchildren in fee. While she lives the reversion in fee is in Mrs. Davis, the sole heir of the grantor, J. C. Bishop. At the death of Mrs. Davis the fee simple title to the lot vests in her surviving child or children or grandchildren, if any, or if none, in her heirs under the conveyance; or the fee simple may vest under the law by merger upon the destruction of the intermediate contingent estate by conveyances from Mrs. Davis of the life estate and the reversion in fee to the same grantee.

In the instant case all the parties received their estates through conveyances from the grantor, their common ancestor, and merger by act of the parties has not occurred to extinguish intermediate estates. See: Crisfield vs. Stern, 46 Md. 129, 11 Am. Rep. 480.

It does appear however, that the conclusion stated in the last paragraph of the opinion, reading as follows: "It, therefore, follows that Mrs. Davis, joined by her husband, may convey a good legal title to a life estate in both parcels of land, and may convey fee simple title to both parcels of land subject to the intermediate contingent remainders; which contingent remainders may be conveyed by Virginia Bishop Davis when she, or her guardian, is thereunto lawfully authorized, subject to the contingency that Mrs. Davis may die leaving a child or grandchild other than Virginia, or the contingent remainder as to both parcels of land may also be defeated by the death of Virginia without issue prior to the death of Mrs. Davis."—should be modified so as to read as follows:

"It therefore, follows that Mrs. Davis, not having made any conveyances of the title or titles vested in her, either under the conveyance from her father or vesting in her as an heir of her father, is not in position to invoke a declaratory judgment to determine what the status of the title of the grantee would be if she should convey both the life and the reversion or fee simple estate now vested in her to a third person."

For the Court to assume to render judgment in that regard would be to determine rights not before the Court.

The original opinion is accordingly so reformed and petition for rehearing denied.

ELLIS, C. J., and TERRELL and BROWN, J. J., concur.