LUCILE FRANKE POPP, joined by her husband, H. L. POPP, and H. LESLIE POPP, JR., and JOHN H. POPP, Minors, by and through their guardian, H. L. POPP, v. DWIGHT T. BOND.

28 So. (2nd) 259                                      June Term, 1946
December 13, 1946                                      Division A

*Henderson, Franklin, Starnes & Holt* and *F. E. Starnes,* for appellants.

*Robert A. Burton,* for appellee.

TERRELL, J.:

John B. Franke died testate, leaving his wife, Amelia A. Franke, and a daughter, Lucile Margarite Louise Franke, surviving. The widow has since deceased and the daughter was

married and has two minor children, H. Leslie Popp, Jr., and John F. Popp. The father, H. L. Popp, has been duly appointed guardian of the minor children. Paragraph VIII of the John B. Franke will in so far as pertinent is as follows:

"Item VIII. I will and bequeath all the remainder of my property . . . to . . . my daughter, Lucile Margarite Louise Franke . . . to have and to hold for and during (her) natural life . . . and at death . . . , one-half of the remainder and fee thereof to the child or children of my daughter, Lucile Margarite Louise Franke, if any, and one-half thereof to the Theological Lutheran Church at Chicago, Illinois . . . if my said daughter shall die without children surviving, then the entire remainder thereof shall go to the said Seminary."

The estate of John B. Franke has been closed and the interest of the Theological Seminary of the Evangelical Lutheran Church, at Chicago, has been acquired by the life tenant, who with her husband, H. L. Popp, individually and as guardian of the minor children, have agreed to sell the real estate demised under Paragraph VIII to the appellee, but he declined to pay for and accept the deed without a court decree holding the title to be merchantable. This cause was instituted by bill of complaint on the part of appellants to coerce specific performance. Appellee answered the bill and the case was heard on an agreed statement of facts. The Chancellor found the title to be not merchantable, decreed accordingly, and this appeal is from the final decree.

The question for determination is whether or not under the facts detailed the life tenant, Mrs. H. L. Popp, joined by her husband individually and as guardian of the minor children can convey a fee simple title to the real estate devised under Paragraph VIII of the will to appellee, free and clear of all claims of future born children of the life tenant.

In our judgment this question is answered in the affirmative by Blocker v. Blocker, 103 Fla. 285, 137 So. 249, wherein we held that where there is a remainder to a class and there are remaindermen of the class in being who are made parties to a cause affecting the property, the decree rendered therein will bind all others who subsequently come into the class.

This holding was predicated on the rule of the common law which is in effect in this State and provides in substance that contingent remainders may be defeated by destroying or determining the particular estate upon which they depend, before the contingency happens whereby they became vested. The contingency involved here was the adverse claim of prospective children of the life tenant. Under the rule as above stated such a contingent remainder was extinguished when the title of the infant remaindermen in being was merged with that of the life tenant in appellee. See also Arnold v. Wells, 100 Fla. 1470, 131 So. 400; Tankersley v. Davis, 128 Fla. 507, 175 So. 501; Lewis v. City of Orlando, 145 Fla. 285, 199 So. 49.

An examination of the final decree discloses that the Chancellor held the title not merchantable on authority of Deen v. Miller et al., 303 Ill. 240, 135 N.E. 396, 25 A.L.R. 766, Annotation 770. It is quite true that the Illinois court there held that when a will, as in this case, creates a life estate with remainder to the children of the life tenant, the life tenant and the living children, by making a conveyance, do not destroy the interest of after born children, because the remainder is vested in quality, although contingent in quantity. This holding is in direct conflict with the holding in Blocker v. Blocker and other Florida cases cited, but we are not convinced that we should reverse these cases. In addition to being supported by the rule of the common law they are supported by good logic. It is of course competent for the Legislature to prescribe a different rule, which is doubtless the case in Illinois.

It follows that the judgment appealed from must be and is hereby reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.