GAGE v. CURTNER et al.
No. 14968.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 5, 1948.

Rehearing Denied Dec. 10, 1948.

412

H. G. Woodruff, of Decatur, and Guy Rogers, of Wichita Falls, for appellant.

J. V. Patterson and C. T. Gettys, both of Decatur, for appellees.

McDONALD, Chief Justice.

In 1939 S. H. Curtner and wife, Rosa B. Curtner, executed a joint will. Mrs. Curtner died later in that year, and the will was probated. S. H. Curtner accepted under the will, and still survives. Since the parties appear to be in substantial agreement about it, we shall for the purposes of this appeal accept their interpretation of the will. S. H. Curtner received a life estate under the will in the two tracts of land here involved. The will provided that at his death the son, Paul Curtner, should have a life estate in the land, and that at the death of Paul Curtner the land should vest in the children or descendants, if any, of Paul Curtner and his wife, Bernice Curtner, and further provided that if there should be no such child or children or descendants of Paul and Bernice Curtner, one-half interest in the land should vest in Bernice Curtner and the other one-half in

three other children of the testator and testatrix, to-wit, Vera Booth, Opal Brown and Morah Thweatt.

Paul and Bernice Curtner had no children when the will was executed, but now have two small children, Pauline and Leta Jo. It is not necessary to decide here whether they have a vested remainder, subject to be shared with any other children that may yet be born, and also subject to being defeated if any predecease their father without leaving children or descendants, or whether they have a contingent remainder interest. But it is clear that there may be minor remaindermen, or remaindermen yet unborn, or both.

The two tracts of land involved may be designated as the 180 acre tract and the 153 acre tract. Both are located in Wise County, near a recently discovered oil field.

For the sake of clarity it perhaps should be said that the independent executor named in the will was not given an express power of sale.

E. R. Floyd and wife, who are not parties to this suit, own an undivided one-half interest in the minerals in the 180 acre tract.

On July 30, 1946, the said Floyd and wife, S. H. Curtner, Paul Curtner, Vera Booth and husband, Opal Brown and husband, and Morah Thweatt and husband executed an oil and gas lease covering the 180 acre tract. On the same day the same grantors, except Floyd and wife, executed another oil and gas lease covering the 153 acre tract. C. L. Gage, the plaintiff in the suit before us, now holds these leases by assignment from the original lessee.

Gage brought the present suit in the district court in Wise County. S. H. Curtner, Paul Curtner and his three sisters above named, the children of Paul Curtner and of his sisters, and all unborn children, remaindermen, unknown heirs, etc., were named as defendants. The purpose of the suit was to obtain an appointment by the court of a trustee to ratify and confirm Gage's oil and gas leases on behalf of all the remaindermen, both born and unborn, other than Paul Curtner's sisters who had executed the leases.

The court appointed the Honorable C. T. Gettys of Decatur as attorney and guardian ad litem to represent the minors named in the suit, and also the unborn remaindermen, all of whom had been cited by publication.

In view of the fact that the cause is being remanded, the attention of the court and the parties is directed to a question concerning citation to the minor defendants. Plaintiff's petition states that the residence of each named defendant is Wise County, Texas. The minors are among the named defendants. The record reflects that the minors were cited by publication. If the minors were residents of Wise County, and if they were cited only by publication, it may be doubted if they were properly before the court.

An answer was filed by S. H. Curtner, Paul Curtner, and Paul Curtner's three sisters.

A good bit is said in the briefs of the parties concerning the matter of virtual representation of the unborn remaindermen by the named remaindermen, but it is not necessary to go deeply into such question on this appeal in view of the disposition we make of the case.

Trial was to the court without a jury. The following findings appear in the judgment: The "full leasehold interest in said leases and the minerals therein conveyed" has a present market value. There is substantial exploration for oil, gas and other minerals in the general area where said lands are situated. "All parties to the title in said land" will suffer loss or damage unless a valid oil, gas and mineral lease or leases are executed covering said lands authorizing the testing of said lands for minerals. Same will not be tested and developed and all parties will lose the bonus and rental value of said leases and will suffer drainage of said lands by operation of wells upon adjoining lands in the event same produce oil, gas or other minerals, and the parties will suffer irreparable loss and damage thereby. The judgment decrees that S. H. Curtner be appointed as trustee to execute and deliver an oil, gas and minerals lease on the two tracts, or to execute an instrument in writing ratifying, confirming and adopting the leases held by the plaintiff, subjecting to the terms thereof all the rights, titles and interests of the minor children of Paul Curtner and of any other remaindermen, born or unborn, known or unknown. It further orders that the trustee make a report of his actions to the court for confirmation within ten days. It is decreed that a trust be created and that all proceeds of the sale or confirmation of the leases, and the proceeds of all rentals, royalties and other revenues derived thereunder be subject to such trust, to be administered under the guidance, supervision and direction of the court, to be accounted for to the persons entitled to same, as provided for in the Texas Trust Act, Vernon's Tex.Civ.St. art. 7425b. The trustee is ordered to give a bond in the principal sum of $2500.

Gage has appealed, presenting four points of error.

The first complains of the authority given to the trustee in the judgment to execute a new and different lease from that held by appellant. He argues that the execution of such a new lease would deprive appellant of valuable rights held by him under the leases which were executed in 1946.

Under the second point appellant argues that he has a valid lease as against all parties in interest on the theory that all remaindermen were virtually represented and were bound by the leases signed by the life tenants and certain adult remaindermen.

Under the third point he contends that the court erred in appointing a trustee with power to bind the interests of the life tenants and thereby deprive them of their right to contract with respect to their interest in the land in question, saying that both the life tenants and the remaindermen are necessary parties to a valid oil and gas lease.

Under the fourth point he says that the court should have directed the trustee to ratify and confirm the leases made by the life tenants and some of the remaindermen, and to collect the revenues derived therefrom for the use and benefit of the life

tenants and remaindermen according to their respective interests.

S. H. Curtner, Paul Curtner and wife, and his three sisters and their husbands have filed a brief here saying that they adopt by reference the brief filed by the plaintiff Gage.

Mr. Gettys, appointed by the court to represent the minor remaindermen, and also the unborn and unknown remaindermen, has filed a brief, in which is raised a question concerning the jurisdiction of the district court. The suggestion is made that the minor children of Paul Curtner have a vested remainder in the land which is subject to the opening of the class, to-wit, Paul Curtner's children, in the event he and Bernice Curtner should have other children, and which is subject to being defeated if all of Paul Curtner's children should predecease him without leaving children or descendants, and that the probate court only has jurisdiction to order a sale of the vested interests of said minors in said land.

■ We see, therefore, that we have before us a case where the plaintiff Gage has some sort of interest, or at least a possibility of interest, in the land in question. It is undisputed that he has a leasehold interest covering the undivided half interest in the minerals in the 180 acre tract owned by Floyd and wife. If events should occur during the life of the lease (assuming the due payment of delay rentals) such as would vest the remainder interests in said land in the adult remaindermen who signed the leases, then Gage would have good title to the leasehold estate. As a practical matter, we know that it is unlikely that an advantageous sale of a lease could be made unless the purchaser could be assured of getting a presently valid title to the entire leasehold estate. It would seem then, that the probate court could not furnish adequate relief in the premises, because it could not order a sale on behalf of the adults owning interests, present or prospective, in the property. The necessities of the situation invoke the rule that it is proper for the district court to exercise jurisdiction where the jurisdiction of the probate court is inadequate to adjust all the rights and equities of the parties. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501; Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937, writ refused. The probate court would have jurisdiction to order sale of such interest as the minors have in the property, but we do not see how it could order sale of the interests of the other parties in the land in question. Granted that the probate court could, if it saw fit, confirm a sale of the minors' interest to Gage, the jurisdiction to do so would not defeat the jurisdiction of the district court to order a sale of the entire property under proper conditions and circumstances.

■ We do not agree with appellant's contention that the interests of all the remaindermen passed by the leases executed by the life tenants and some of the remaindermen. It is held in Deem v. Miller, 303 Ill. 240, 135 N.E. 396, 25 A.L.R. 766, and in other cases cited in the annotation in 25 A.L.R. 770, that the life tenant and the remaindermen in esse cannot under a theory of virtual representation convey the interest of unborn remaindermen. The Supreme Court of Florida, in Popp et al. v. Bond, 158 Fla. 185, 28 So.2d 259, refused to follow the case just cited, but the rule announced by the Illinois court appears to us to be supported by authority and by better reason than the rule announced by the Florida court. If we were under any doubt as to which rule should be followed in Texas, we would be influenced to follow the Illinois decision by reason of the policy indicated in Article 1290, Revised Civil Statutes, which reads as follows:

"All alienations of real estate, made by any person purporting to pass or assure a greater right or estate than such person may lawfully pass or assure, shall operate as alienations of so much of the right and estate in such lands, tenements or hereditaments as such person might lawfully convey; but shall not pass or bar the residue of said right or estate purporting to be conveyed or assured; nor shall the alienation of any particular estate on which any remainder may depend, whether such alienation be by deed or will, nor shall the union of such particular estate with the inheritance by purchase or by descent, so

operate as to defeat, impair or in any wise affect such remainder."

We now come to the questions relating to judicial sale of the interests of the remaindermen who did not join in the leases.

To begin with, we must bear in mind that as a general rule "a life tenant may continue to work or have operated oil wells that were open when his life interest commenced or to recover the royalties of such operation, he may not open new wells or extract oil or gas from the land for his own benefit, and this regardless of the method of creating the tenancy." 31-A Tex.Jur., p. 39, and cases there cited. Thus, the holder of a lease from the life tenant acquires no rights under such lease to mine and operate for oil and gas as against the remaindermen, where the land was not theretofore devoted to the production of oil. Whitaker v. Surtees, Tex.Civ.App., 248 S.W. 432. See also the cases cited in annotation in 43 A.L.R. 811.

There has grown up in the American courts a doctrine under which a court of equity, in the exercise of its inherent equity powers, may order a judicial sale under supervision of the court, of the entire fee or title of real property in which present interests such as life estates and future interests such as vested or contingent remainders, executory limitations, etc., have been created, with subsequent investment of the proceeds of such sale for the benefit of the holders of the respective interests in the property sold. Where the holders of the future interests, or some of them, lack capacity to consent to a sale, or are as yet unborn, they may be brought before the court under the doctrine of virtual representation, which is to say that all members of a class may in a proper case be represented in court by some members of the class, and be bound by the decree entered. For the most part, at least, the court will exercise such jurisdiction, and convert the property from realty to personalty, only on a showing of necessity therefor. Ordinarily the property should be left intact for the remaindermen in the form in which it was when the estates were created. The reason for permitting the property to be converted into a different form, contrary to the apparent purpose of the creator of the respective estates, is to prevent loss or damage to the owners of the remainder. If the property will be lost or seriously impaired before it can be vested in the remaindermen, then it is reasonable to say that the general purposes of the grantor, testator or settlor will be more nearly carried out by converting the property into money and creating a trust to insure the protection of the rights of the various parties in and to the proceeds of sale. For full discussions of the general subject, see 33 Am. Jur., beginning at page 743; 31 C.J.S., Estates, § 89, beginning at page 104; Simes, Law of Future Interests, Vol. 3, beginning at page 295.

The difficulty in applying the rules just referred to in the present case lies in the fact that no one appears to want a trustee appointed to execute an oil and gas lease on the land in question which would pass to the purchaser the full title to the leasehold estate. Gage, the plaintiff, only wants the trustee to confirm and ratify the leases he now holds as against the remaindermen. It is obvious that the trustee would be in no position to make a good bargain for the remaindermen if he were limited to a sale to Gage. The life tenants and the three adult remaindermen appear to want only a confirmation of the Gage leases. The minors, and the unborn remaindermen (assuming that they are properly before the court by representation), have not asked for a judicial sale.

The judgment shows that the trial court did not wish to restrict the trustee to a deal with Gage. But since no one else sought any other kind of sale, that is to say, a sale which would bind the interests of all parties, and since both Gage and the life tenants and the adult remaindermen in their respective briefs in this court complain of the judgment in so far as it authorized the trustee to sell the interests of all concerned, if such was the effect of the judgment, we come to the conclusion that the court should not have authorized a judicial sale in view of the state of the pleadings of the parties.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.