**LYBASS, et al v. SMITH.**

No. 60-1178-E.

Circuit Court, Duval County.

April 13, 1960.

Delbridge L. Gibbs, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for plaintiffs.

J. Donald Bruce, Wayman & Bruce, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard upon plaintiffs' complaint for a declaratory decree, defendant's answer and the written waiver and consent of the parties filed herein by which it is agreed that final disposition of this cause is controlled by a question of law raised by undisputed facts set forth in the pleadings herein, and the court having heard the argument of counsel for the parties and being fully advised in the premises, makes the following findings —

This court has jurisdiction of the parties hereto and of the subject matter of this cause, and there is no genuine issue as to any material fact.

By deed dated December 26, 1957, and recorded in official records vol. 413, pages 370-372, current public records of Duval County, James T. Goethe and E. E. Goethe, both unmarried, conveyed the following described land in Duval County, Florida, to-wit, the east three-fourths of lot 6, of block 69, Hart's Map of Jacksonville, to plaintiffs, James H. Lybass and Ruby G. Lybass, his wife, as tenants by the entireties with right of survivorship of an estate for years from the date of said deed to January 1, 1972, with the remainder over to the children of James H. Lybass and Ruby G. Lybass, his wife, to-wit, James H. Lybass, Jr., Thomas M. Lybass, Tillinghast G. Lybass and Oregon E. Lybass, subject to the terms and conditions of said deed.

The deed contains the following provisions and conditions—

(a) "Should the holders of the estate for years, namely, James H. Lybass and Ruby G. Lybass, both die prior to January 1, 1972, then the said estate for years theretofore vested in them shall terminate, and the fee simple title to said lands shall immediately vest in said remaindermen then living, and the child or children then living of any deceased remaindermen, per stirpes, and their heirs and assigns forever."

(b) "And further, should any or either of any such deceased remaindermen leave no child or children him or her surviving on January 1, 1972, or on any earlier date when both the holders of said estate for years should cease to live, then the estate of such remainderman or remaindermen, so deceased, shall take nothing hereunder by inheritance or otherwise, and the shares then accruing to the surviving remaindermen, or the child or children of any deceased remainderman, under the provisions hereof, shall be increased accordingly."

The deed contains no provision authorizing the sale of the property prior to January 1, 1972, or such earlier date as the title may vest in the remaindermen by reason of the deaths of both James H. Lybass and Ruby G. Lybass, his wife, except " . . . if the ownership of this property should become a burden to hold in the future, on account of taxes, depression or some calamity . . . ", none of which circumstances now obtains.

On February 4, 1960, the plaintiffs entered into an agreement with the defendant by which plaintiffs agreed to sell and convey the real property hereinabove described to the defendant, and to furnish defendant with a binder committing Title & Trust Company of Florida to insure defendant's title to the property free and clear of all encumbrances except taxes and zoning regulations, all as more particularly described therein.

On March 5, 1960 the grantors in the deed hereinabove described, James T. Goethe and E. E. Goethe, executed a Consent and Disclaimer, by which they consented to the sale as contemplated in the agreement between the parties, and disclaimed any interest in the property or any part of the proceeds of the sale or conveyance thereof.

Since the execution of the agreement, defendant has refused to comply with and discharge his obligations to plaintiffs under the terms thereof upon the ground that plaintiffs cannot convey a good and insurable title to the property and because Title & Trust Company of Florida will not insure such a conveyance by plaintiffs to defendant by reason of the allegedly possible contingent remainder which may result if one or more of the remaindermen described in the deed, James H. Lybass, Jr., Tillinghast G. Lybass, Thomas M. Lybass or Oregon E. Lybass, were to die leaving a child or children him or her surviving prior to January 1, 1972, or such earlier date as both James H. Lybass and Ruby G. Lybass, his wife, may be deceased, so as to vest the deceased remainderman's interest in the property in his or her surviving child or children.

The determination of the questions here involved is controlled by the rule enunciated in Blocker v. Blocker, 103 Fla. 285, 137 So. 249, and followed in Tankersley v. Davis, 128 Fla. 507, 175 So. 501, Lewis v. City of Orlando, 145 Fla. 285, 199 So. 49, and Popp v. Bond, 158 Fla. 185, 28 So. 2d 259. The Florida courts have consistently adhered to the rule that under the common law, a contingent remainder may be destroyed upon the termination of the particular estate on which the remainder is dependent prior to the contingent remainder vesting. Here, the contingent remainder may become vested in the living lineal descendants of the Lybass children only if one or more of said children were to die, leaving lineal descendants him or her surviving, prior to January 1, 1972 or such earlier date as both of the elder Lybasses were to die; such events have not yet occurred and may never occur. The tenants for the term of years, the elder Lybasses, and all of the remaindermen, the four Lybass children, have personally or by their duly authorized guardians executed the agreement to convey the above described property to the defendant, thus committing themselves to terminate the estate upon which the contingent remainder is dependent.

Defendant's counsel argues that the doctrine of the Blocker case, supra, is contrary to the holdings of nearly all other jurisdictions which have discarded the so-called "common law" rule because it is based on authorities long since repudiated by the

courts of England and because the above stated rule permitting the destruction of contingent remainders exists chiefly in Florida (see 3 Fla. Law Review 319, et seq.); furthermore that, inasmuch as there is no violation of the rule against perpetuities here, the contingent remainder should not be permitted to be destroyed at any time earlier than the period permitted by that rule. If such a change should be made in the established principles of law of this state, it is for the legislature and not the courts. Furthermore, in this case, there is no question about defeating the intent of the grantors who gave the deed creating the contingent remainders because they, James T. Goethe and E. E. Goethe, have executed a written instrument specifically consenting to the conveyance contemplated by the agreement and disclaiming any interest in the property or in any part of the proceeds of the sale or conveyance thereof and by implication consenting to the destruction of the contingent remainders.

Accordingly, it is ordered, adjudged and decreed that a conveyance by the plaintiffs to the defendant of all the right, title and interest of plaintiffs in and to the property hereinabove described, as contemplated in the agreement dated February 4, 1960, will vest in the defendant the unqualified fee simple title to said real property *free and clear of any contingent remainder which might lie or might possibly ultimately be vested in the child or children of any of the remaindermen described in the said deed* recorded in the public records of Duval County, in official records vol. 413, pages 370, 372, to the same extent as if said deed had not been qualified in any respect and the grantors therein had conveyed all their right, title and interest, and the fee simple title, to said property directly to the defendant herein.